# CRIMINAL CASES.

## Ríchmond.

### HAIRSTON v. COMMONWEALTH.

#### MARCH 23, 1899.

1. CRIMINAL LAW AND PROCEDURE—*Verdict—Certainty—Naming Prisoner or Person Assaulted.*—The verdict in a criminal case is always to be read in connection with the indictment; and if, upon reading them together, the meaning of the verdict is certain, that is sufficient. The verdict need not give the name of the prisoner, nor of the person assaulted.

2. RAPE—*Attempt—Evidence of Force, Actual or Intended.*—To sustain the charge of an attempt to commit rape, there must be evidence of force, or of an intention on the part of the accused to use force in the perpetration of the offence, if it should become necessary to overcome the will of his victim. The evidence must be not only consistent with his guilt, but inconsistent with his innocence.

Error to a judgment of the County Court of Henry county, rendered November 14, 1898, on an indictment against plaintiff in error for attempt to commit rape.

*Reversed.*

There was a demurrer to the indictment, which was overruled, and thereupon the prisoner pleaded not guilty. No objection was made to the form of the indictment in this court. It was in the following words and figures:

" Virginia—Henry county, to wit:

" In the County Court of said county, at the October term thereof, 1898.

"The grand jurors of the Commonwealth of Virginia, in and for the county of Henry, and now attending the said court, upon their oaths present, that George Hairston within twelve months last, to wit, on the — day of September, 1898, in said county, did unlawfully and feloniously attempt to commit the crime of rape, and with force and arms, in and upon one Mary E. Thomasson, the said Mary E. Thomasson then being over the age of fourteen years, to wit, of the age of forty-two years, violently and feloniously did make and assault with intent her, the said Mary E. Thomasson, feloniously to ravish and carnally know against her will and by force, and he, the said George Hairston, then and there in his said attempt to commit the felony and rape aforesaid did ask and demand to have sexual intercourse with her, the said Mary E. Thomasson, and upon refusal by the said Mary E. Thomasson of said demand, he the said George Hairston did then and there advance violently and rapidly upon the said Mary E. Thomasson, and then and there thrust out his hand to violently lay hold of her person, but he the said George Hairston was repelled by force from the said Mary E. Thomasson, and the said George Hairston did not actually commit the felony and rape attempted as aforesaid, against the peace and dignity of the Commonwealth of Virginia.

"This indictment is found upon the evidence of Mary E. Thomasson, Sallie A. Stone, Banks Valentine, Mary E. Valentine, and Kiah Cahill, witnesses sworn in open court to give evidence to the grand jury."

The verdict was objected to because the prisoner's name is not mentioned in it. "Nor does the verdict say as charged within the indictment, and therefore the prisoner is in no way connected with the verdict. Nor does the verdict say upon whom the assault was made. * * * Nor does the verdict say that the attempt was made on Miss Mary E. Thomasson."

*William M. Peyton*, for the plaintiff in error.

*Attorney-General A. J. Montague,* for the Commonwealth.

RIELY, J., delivered the opinion of the court.

The first assignment of error is that the verdict of the jury is defective for uncertainty.

The indictment contains a single count, and charges the accused with an attempt to commit rape upon a certain female. The verdict of the jury is in these words: " We, the jury, find the prisoner guilty of attempted rape, and fix his punishment at eight years in the penitentiary."

The verdict of a jury in a criminal case is always to be read in connection with the indictment; and, if upon reading them together, the meaning of the verdict is certain, this is sufficient. *Hoback's Case,* 28 Gratt. 922. The indictment in this case charges the prisoner with an attempt to commit rape, and names the female upon whom the attempt was made. The verdict is a direct response to the issue of guilty or not guilty, which the jury were sworn to try. It finds the prisoner guilty of attempted rape, and ascertains his punishment. It was not necessary to insert his name in the verdict. The verdict, by the use of the word " prisoner," identifies the person named in the indictment, in custody, and on trial, as the person guilty of the offence; and finds him guilty of attempted rape, that is, of the attempt to commit rape with which he is charged in the indictment. This is plainly the meaning of the verdict.

The only other assignment of error is the refusal of the court to grant the accused a new trial. The insufficiency of the evidence to warrant the verdict was the ground of the motion for a new trial.

The court is of opinion that this error is well assigned. To sustain the charge of an attempt to commit rape there must be evidence of force, or of an intention on the part of the offender to use force in the perpetration of the heinous offence, if it should

become necessary to overcome the will of his victim. 1 Bish. Cr. Law (2 Ed.), sec. 731; 3 Am. & Eng. Ency. Law (2 Ed.), 258; *Com.* v. *Fields,* 4 Leigh 648; *State* v. *Massey,* 86 N. C. 658; and *State* v. *Kendall* (Iowa), 5 Am. St. R. 679.

· The evidence of the prosecutrix is that the accused came to her father's house riding upon a mule, and commenced talking to her, as she stood in the edge of the yard, about paying him for some work that he had done, and followed it up by making to her an indecent proposal. He then got down off his mule and started towards her, renewing his indecent request, and making a motion at her and very close to her as if he would pull up her dress, but did not touch her. She jumped to one side and dodged him, screamed, picked up a stone, and threw it at him; that he advanced on her after she threw the stone; and that she then threw three more stones at him, when he turned away, got on his mule, and left.

The occurrence took place between twelve and one o'clock in the day, in the edge of the yard of the father of the prosecutrix, about fifty yards from the house, and in sight of and very near the house of a colored family. No one witnessed the occurrence or heard the screams. The father and mother of the prosecutrix were in the house sick in bed, and her sister was in the back room washing dishes, with the front door shut.

The whole evidence, taken together, is of a very doubtful and inconclusive character. There was no attempt to use force, no threat, only solicitation. The absence of all violence and of evidence of any intention to use force, if necessary to overcome the will of the prosecutrix; the time and the place, and all the surrounding circumstances invest the charge with very great improbability. However reprehensible is the conduct of the accused, the evidence is consistent with a desire an his part to have sexual intercourse with the prosecutrix, but, without evidence of an intention to use force, if necessary, to gratify his desire—only persuasion. " The guilt of a party is not to be

Opinion.

inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence."

The court is of opinion that the County Court erred in refusing to grant the plaintiff in error a new trial, for which error its judgment must be reversed, the verdict of the jury set aside, and a new trial awarded.

*Reversed.*