Statement.

# Richmond.

## WOODSON v. COMMONWEALTH.

### January 16, 1908.

1. CRIMINAL LAW—*Attempt to Rape—What Constitutes—Force.*—To constitute the offence of an attempt to commit rape there must be force, or an intention to use force, on the part of the offender, in the perpetration of the offence, if necessary to overcome the will of the victim. The evidence must establish force or attempted force, coupled with an attempt to gratify the lustful desire, against the consent of the female, and notwithstanding resistance on her part.

2. CRIMINAL LAW—*Presumption of Innocence—Attempt to Rape—Force—Case at Bar.*—The guilt of a party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence. In the case at bar, the evidence shows an assault by a negro man upon a white woman, accompanied by grossly insulting and indecent language, but fails to show any force or attempt at force on the part of the man to accomplish his purpose, whatever that may have been. The evidence is consistent with a desire on his part to have sexual intercourse with the woman, but does not show an intention to use force, if necessary, to gratify his desire; but persuasion only.

Error to a judgment of the Circuit Court of Buckingham county.

*Reversed.*

The opinion states the case.

*Moon & Moon,* for the plaintiff in error.

*Robert Catlett, Assistant to Attorney-General,* and *Sands Gayle,* for the commonwealth.

HARRISON, J., delivered the opinion of the court.

The indictment in this case charges the accused with an attempt to commit rape upon a certain female. In such cases, force is an essential element of the crime. To sustain the charge of an attempt to commit rape, there must be evidence of force, or of an intention on the part of the offender to use force in the perpetration of the heinous offense, if it should become necessary to overcome the will of his victim. The crime of assault with intent to rape can only be established by proof of force or attempted force, coupled with an attempt to gratify the lustful desire, against the consent of the female, notwithstanding resistance on her part. *Hairston* v. *Commonwealth,* 97 Va. 754, 32 S. E. 797; *Cunningham* v. *Commonwealth,* 88 Va. 37, 13 S. E. 309; *Christian* v. *Commonwealth,* 23 Gratt. 954; *Jones* v. *State,* 90 Ala. 628, 8 South. 383, 24 Am. St. Rep. 850; *Dorsey* v. *State,* 108 Ga. 477, 34 S. E. 135; *Massey* v. *State,* 86 N. C. 658, 41 Am. Rep. 478; *Green* v. *State,* 67 Miss. 356, 7 South. 326.

In the case at bar, the testimony of the prosecutrix is the only evidence showing the facts and circumstances attending the occurrence. She says, that before dark, on the 9th of January, 1907, she went to the spring, about one-fourth of a mile from her home, to get a bucket of water; that, when returning, the accused was standing in the path with a double-barrel shot-gun and his face blackened, though she could see the natural color of his neck and hands; that he followed her along the path, and when she had gotten about half-way home, he came up to her and seized her arm and said, "Hold on, I want some;" that she screamed and ran to a neighbor's house, who lived about two hundred yards from her home, and told him of the occurrence; and that this neighbor went down there with his gun, but could find no one.

This evidence shows that the conduct of the accused was

shockingly indecent and insulting, and, if believed by the jury, subjected him to a conviction for an aggravated assault; but the court is of opinion that it falls short of showing a felonious intent. However reprehensible his conduct, we are constrained to say that the testimony fails to show any attempt on the part of the defendant to employ any force whatever in the accomplishment of his purpose, whatever that may have been. There was no attempt to use force, no threat; only solicitation. The absence of all violence and of evidence of any intention to use force, if necessary, to overcome the will of the prosecutrix, the time and the place, invest the charge with improbability. The evidence is consistent with a desire on the part of the offender to have sexual intercourse with the prosecutrix, but there is no evidence of an intention to use force, if necessary, to gratify his desire; only persuasion.

"The guilt of a party is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence." *Hairston's Case, supra.*

This conclusion makes it unnecessary to consider other assignments of error.

We are of opinion that the circuit court erred in refusing to grant the plaintiff in error a new trial, for which error its judgment must be reversed, the verdict of the jury set aside, and a new trial awarded.

Whittle, J., (dissenting):

I cannot concur in the opinion of the court in this case, that the evidence for the commonwealth is insufficient to establish the *corpus delicti,* the attempted rape charged in the indictment.

The testimony of Mrs. Dunkum (a young married woman) bearing upon the essential fact of the attempted commission of the crime—which in many of its features is corroborated by other testimony—is certified as follows: "On January 9, 1907, she went to the spring, about one-fourth of a mile from her

home, to get a bucket of water; she dipped out the water and started home; the accused   * * *   was standing in the path and asked her, 'Who lives up there?'   She replied, 'Elijah Dunkum.'   The accused had a double-barrel shot-gun and his face blackened, but she could see the natural color of his face and hands.   She started on home with the water, and the accused followed her along the path; when she had gotten about half way home, he said something which she did not hear sufficiently to know what it was; the accused then came up to her and seized her left arm, and said, 'Hold on,' " accompanying that action and language with the declaration of his lustful desire. Whereupon she screamed and ran to the house of a neighbor, who lived about two hundred yards distant from her home, and in an agitated and excited manner told him what had occurred. The neighbor, armed with a gun, repaired to the scene of the crime, but the accused had disappeared.

These facts, together with the reasonable inferences which the jury were justified in drawing from them, in my opinion, maintain the following propositions:   That the accused (a young negro man), armed with a double-barrel shot-gun, disguised himself to prevent identification, and beset the path along which Mrs. Dunkum was returning from the spring to her home, for the purpose of intercepting her, and of having carnal knowledge of her person against her will; that he pursued her along the pathway with that design; that he made known his lecherous desire, commanded her to stop in order that he might accomplish his purpose, and attempted to enforce the demand by laying hold of her person; and that he was deterred by her screams alone from the consummation of the offence.

It must be observed that the language of the accused did not import an indecent proposal, but conveyed a distinct demand, accompanied by a coercive act, conducing to its fulfilment; and that the resistance and outcries of his intended victim frightened him off and prevented its consummation.   If the foregoing are

warrantable deductions from the facts proved, it can hardly be said that they fall short of proving the *corpus delicti.*

In this class of cases, the authorities are agreed that each case must be governed by the attendant circumstances; "Among which," as was said in *Christian's Case,* 23 Gratt. 954, "the character and condition of the parties may have an important bearing. Acts of the accused, which would be ample to show and produce conviction on the mind that it was the wicked attempt and purpose to commit this infamous crime, if done in reference to a female of good and virtuous character, would be wholly insufficient to establish guilt if they were acts done to a female of dissolute character or easy virtue." The facts of that case were, that the accused and the prosecutrix, both of whom were negroes, had attended an exhibition together in the night; that she was a base woman, the mother of two bastard children; that there was no attempt on his part to ravish her, the court characterizing his conduct toward the woman as "rough wooing" merely, and emphasizing the circumstance that there was no outcry on her part.

So also, in the latest pronouncement of this court on the subject (*Hairston's Case,* 97 Va. 754, 32 S. E. 797), though the conviction was not sustained, the reasoning of Judge Riely conclusively shows that all the elements of the offence are present in the case in judgment. The learned judge remarks: "To sustain the charge of an attempt to commit rape, there must be evidence of force, or of an intention on the part of the offender to use force in the perpetration of the heinous offence, if it should become necessary to overcome the will of his victim." At page 757 of 97 Va., page 797 of 32 S. E., in summing up the circumstances of that case, it is said: "There was no attempt to use force, no threat, only solicitation. The absence of all violence and of evidence of any intention to use force, if necessary to overcome the will of the prosecutrix; the time and the place, and all the surrounding circumstances invest the charge with very great improbability."

The converse of the preceding enumeration of circumstances plainly appears from this record.

In conclusion, I desire to remark, that in estimating the significance of those circumstances, we must not close our eyes to the existence of a Black Peril, which rests like a pall over the land, and constitutes an everpresent menace to the safety of the white women of the south.  Confronted by this horrible condition, which is known of all men and deplored by the right-thinking element of both races, we cannot, I submit, upon the cogent evidence before us, afford to set aside the verdict of the jury and establish a precedent, the dual tendency of which, in my judgment, will be to increase crime and to encourage resort to mob violence.

*Reversed.*