WILLIE ALFONSO DIXON v. COMMONWEALTH OF VIRGINIA.

October 10, 1955.

Record No. 4413.

Present, All the Justices.

The opinion states the case.

*Sanford & Clement,* for the plaintiff in error.

*J. Lindsay Almond, Jr., Attorney General* and *R. D. McIlwaine, III, Assistant Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

The accused was tried upon an indictment containing two counts of statutory burglary. One charged him with breaking and entering a storehouse in the city of Danville in the nighttime with the intent to commit rape; the other charged the same act with the intent to commit larceny. §§ 18-160 and 18-161, Code of Virginia, 1950, as amended.

The trial court dismissed the intended larceny count and the

jury found the accused guilty of "* * * statutory burglary with intent to commit rape * * *" and fixed his punishment at fifteen years in the penitentiary. The case is before us upon the judgment entered on the verdict.

The facts, viewed in the light most favorable to the Commonwealth, disclose that on Saturday, May 8, 1954, the accused called the prosecutrix on the telephone, and without disclosing his name asked her if she knew anything about "French Love"; whereupon she immediately hung up the telephone. This call was made to the office of a cleaning establishment owned and operated by the prosecutrix and her husband. On the following night he called the prosecutrix at her home. She recognized the voice and again hung up the telephone.

On Wednesday, May 12, the prosecutrix informed the police authorities regarding the calls. Later that morning the accused again called the prosecutrix, who traced the call to a business firm in the city. Later in the day the husband of the prosecutrix, at her request, asked the police department to send two officers to the cleaning establishment. Two detectives arrived at the plant about 4:00 p. m. Shortly after their arrival the accused again called, leaving a telephone number and requesting that the prosecutrix call back. This call was traced to a drug store in Danville. When the prosecutrix called the drug store she was informed that no one there wished to speak to her. About 6:00 p. m. the accused made another telephone call to the prosecutrix at her place of business. At this time she engaged him in conversation in order to enable the police officers to trace the call. The substance of this conversation is not disclosed; however, the call originated at a telephone on Holbrook Street. After the conversation the detectives took their station in the cleaning room at the rear of the establishment and waited. The back door was closed but not locked. The prosecutrix was working in the office which was well lighted. About 7:30 p. m. the accused came to the rear of the establishment, looked around, opened the back door and came inside. He then walked to the partially-open sliding door which separated the cleaning room from the finishing room. At this time one of the detectives noticed that the zipper on his trousers was open "about half way down". When the accused reached the sliding door he was apprehended by the detectives and told that he was under arrest. While he appeared to have been drinking, he was not intoxicated. He offered some resistance but

was subdued by the officers. At first he gave a false name but finally identified himself correctly. The prosecutrix did not know the accused, who stated that he was sorry for what he had done and that he deserved any punishment he might receive.

At the trial the accused contended that he had been invited to the cleaning establishment by the prosecutrix during the last telephone conversation. This was denied by the prosecutrix and the two officers who heard the conversation.

Two assignments of error are relied upon. The first charges that the court erred in refusing to give three instructions relating to the defense of entrapment. We are of the opinion that there is no merit in this assignment as the elements of the defense were not established. *Ossen* v. *Commonwealth*, 187 Va. 902, 911, 48 S. E. (2d) 204, 208.

The second assignment asserts that the evidence was insufficient as a matter of law to sustain the verdict. In dealing with this assignment we are directed to the single issue that the evidence was insufficient for the jury to infer that the breaking and entering was with the *intent* to commit rape, the count in the indictment having charged the accused with the intent feloniously to ravish and carnally know the prosecutrix forcibly and against her will.

It is the law in this jurisdiction that where a statute makes an offense consist of an act combined with a particular *intent*, such *intent* is as necessary to be proved as the act itself, and it is necessary for the intent to be established as a matter of fact before a conviction can be had. Surmise and speculation as to the existence of the intent are not sufficient, and "no intent in law or mere legal presumption, differing from the intent in fact, can be allowed to supply the place of the latter." *Thacker* v. *Commonwealth*, 134 Va. 767, 770, 114 S. E. 504, 505.

While the conduct of the accused was reprehensible, the jury had before it no facts upon which it could base its verdict. The conclusion that the accused was guilty of having entered the establishment with the intent "feloniously to ravish and carnally know" the prosecutrix "forcibly and against her will" was based upon mere surmise and speculation. The inexcusable persistent telephone calls are more consistent with sexual intercourse by persuasion than by rape.

As was said in *Hairston* v. *Commonwealth*, 97 Va. 754, 32 S. E. 797: "There was no attempt to use force, no threat, only solicita-

tion. The absence of all violence and of evidence of any intention to use force, if necessary to overcome the will of the prosecutrix; the time and the place, and all the surrounding circumstances invest the charge with very great improbability. * * * (T)he evidence is consistent with a desire on his part to have sexual intercourse with the prosecutrix, but, without evidence of an intention to use force, if necessary, to gratify his desire—only persuasion." (97 Va., at p. 757) See also *Woodson* v. *Commonwealth*, 107 Va. 895, 59 S. E. 1097; *State* v. *Allen*, 186 N. C. 302, 119 S. E. 504; 3 N. J., Burglary and Housebreaking, § 6, p. 638.

For the reasons stated the judgment is reversed and the case remanded for such further proceedings as the Commonwealth may be advised.

*Reversed and dismissed.*