## Richmond

JERRY HARGRAVE, ETC. v. COMMONWEALTH OF VIRGINIA.

January 14, 1974.

Record No. 730322.

Present, All the Justices.

*Russell L. Watson, Jr.*, for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

Jerry Hargrave (Hargrave or defendant), who waived a trial by jury, was convicted of attempted murder by the trial court which fixed his punishment at a term of four years in the penitentiary.

The sole question here is whether the evidence established the specific intent to commit murder which is an essential element of attempted murder.

The evidence discloses that both Hargrave and Shirley Mae Gill (Gill), who had been defendant's common law wife for four years, had been drinking prior to the occurrence giving rise to the criminal charge. They engaged in an argument because Hargrave was "going with" Gill's sister. Hargrave announced that he intended to terminate his relationship with Gill and "move out the house." He demanded his coat which was in Gill's possession. Gill declined to surrender the coat to defendant who then left the premises.

Hargrave returned to the room a few minutes later carrying a single shot twenty-two calibre rifle in his hands. When he was about ten feet from Gill, who was seated in a chair, defendant told Gill "to give him his coat" and fired toward her without raising the rifle to his shoulder.

The projectile grazed Gill on the right shoulder causing a "little burn" before it struck a washing machine approximately three feet behind her. Gill immediately fled the scene and went to the police station.

To prove the crime of attempted murder two essential elements must be established. The specific intent to kill the victim must be shown and this must be coupled with evidence of some overt but ineffectual act in furtherance of this purpose. The use of a deadly weapon, standing alone, is not sufficient to prove the specific intent required to establish attempted murder. *Thacker* v. *Commonwealth*, 134 Va. 767, 114 S.E. 504 (1922).

The necessary intent constituting one element in an attempt to commit murder is the intent in fact, as distinguished from an intent in law. *Merritt* v. *Commonwealth*, 164 Va. 653, 662, 180 S.E. 395, 399 (1935).

Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be shown by a person's conduct or by his statements. *Chittum* v. *Commonwealth*, 211 Va. 12, 16, 174 S.E.2d 779, 781 (1970); *Howard* v. *Commonwealth*, 207 Va. 222, 228, 148 S.E.2d 800, 804 (1966).

The facts and circumstances here, i.e., the use of a deadly weapon coupled with the defendant's other conduct and utterances, were sufficient for the trial court to find that defendant had the requisite intent to commit murder.

*Affirmed.*