COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Elder
Argued at Richmond, Virginia

GARY JOHN WAGSTAFF

v.         Record No. 1040-95-2      MEMORANDUM OPINION* BY
                                     JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                   JULY 2, 1996

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
William H. Ledbetter, Jr., Judge

Benjamin H. Woodbridge, Jr. (Woodbridge &
Reamy, on brief), for appellant.

Eugene Murphy, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


On appeal from his conviction of attempted abduction with the intent to defile, Gary John Wagstaff contends that the evidence is insufficient to support his conviction. We disagree and affirm the judgment of the trial court.

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "The jury's verdict will not be disturbed on appeal unless it is plainly wrong or without evidence to support it." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).

On August 1, 1994, at approximately 3:00 p.m., Donna Fortney

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

exited the Spotsylvania Mall building and walked to her car in the parking lot.  After she entered her car and closed the door, Wagstaff approached the open driver's-side window.  Startling Ms. Fortney, he told her that he had seen fire coming from the tail pipe of her car when she arrived at the mall.  As they conversed briefly about the car, Wagstaff crouched down beside Ms. Fortney's car placing his hands on the window ledge.

Suddenly, Wagstaff's voice changed to a "threatening" or "controlling" tone.  He opened the driver's-side door without Ms. Fortney's permission and ordered her to "move over."  Wagstaff's hand was on the fly of his pants and his fly was unzipped.  Ms. Fortney kicked Wagstaff in the torso.  He fell backwards against a van parked in the next space.  Ms. Fortney screamed for help, attracting the attention of another woman, who also screamed.  Wagstaff fled, but was apprehended by three men.  When Ms. Fortney saw Wagstaff after he had been caught, she noticed that the fly of his pants was still open and that a toy gun was protruding from the waistband.

The jury found Wagstaff guilty of attempted abduction with intent to defile.  "An attempt to commit a crime consists of (1) the specific intent to commit the particular crime, and (2) an ineffectual act done towards its commission."  Bell v. Commonwealth, 11 Va. App. 530, 533, 399 S.E.2d 450, 452 (1991) (citing Lynch v. Commonwealth, 131 Va. 762, 109 S.E. 427 (1921)). "[A]bduction with intent to defile requires an intent to

sexually molest a victim . . . . Sexual molestation, while including sexual intercourse, also embraces many acts which are distinct from sexual intercourse." Simms v. Commonwealth, 2 Va. App. 614, 617, 346 S.E.2d 734, 735 (1986). "[I]ntent may be shown by circumstantial evidence." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). "However, . . . intent must be established as a matter of fact, and '[s]urmise and speculation as to the existence of intent are not sufficient.'" Hughes v. Commonwealth, 18 Va. App. 510, 519, 446 S.E.2d 451, 457 (1994) (en banc) (quoting Dixon v. Commonwealth, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955)).

Acknowledging that the evidence was sufficient to support his conviction for attempting to abduct Ms. Fortney, Wagstaff contends that the evidence was insufficient to prove that he did so with the intent to defile. He argues that the evidence equally supports the conclusion that he acted with intent to steal Ms. Fortney's car, to rob her, or to accomplish some purpose other than sexual molestation. We disagree. Wagstaff's fly was open. The presence of his hand at his fly supports the inference that he had just unzipped his fly. This supports the inference that he intended a sexual advance against Ms. Fortney when he had subdued her and taken control of her car.

For the reasons stated, the judgment of the trial court is affirmed.

                                        Affirmed.

Benton, J., dissenting.

Although the evidence obviously would have been sufficient to prove attempted abduction, see Code § 18.2-47, the evidence was not sufficient to prove intent to defile as required by Code § 18.2-48. Whenever intent is an element of an offense, it must be proven as a matter of fact. "Surmise and speculation as to the existence of the intent are not sufficient." Dixon v. Commonwealth, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955). To support a conviction when intent is an element of an offense, the evidence must prove that element beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970).

"Intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it." Banovitch v. Commonwealth, 196 Va. 210, 216, 83 S.E.2d 369, 373 (1954). When, as in this case, evidence of intent is wholly circumstantial "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976).

Although the evidence proved that the zipper on Wagstaff's pants was unzipped, that fact did not permit a trier of fact to infer beyond a reasonable doubt that Wagstaff had the intent to defile the woman. The evidence did not prove Wagstaff knew that his trousers were unzipped. He made no comment or committed any

- 4 -

act to suggest that his trousers had been unzipped intentionally.

Furthermore, the evidence proved that Wagstaff "had a plastic water pistol stuck down" in the waist of his trousers "[r]ight where the button would be" above the zipper. Only the handle of the gun protruded. Thus, the woman's testimony, that Wagstaff's "hand was on his pants, on his zipper" when he asked her to open the door, does not exclude the reasonable hypothesis that he was reaching for the gun to intimidate her.

In Dixon, the Supreme Court had to consider whether the evidence proved Dixon had the intent to commit rape during a prosecution for burglary. The evidence proved that Dixon made a number of telephone calls to the victim including one which was sexually suggestive. Following these conversations, Dixon went to the victim's place of business while she was working and entered an unlocked rear door. When the police, who had been contacted and were waiting for Dixon, apprehended Dixon, "the zipper on [Dixon's] trousers was open 'about halfway down.'" 197 Va. at 381, 89 S.E.2d at 345 (emphasis added). Reversing the conviction, the Court held as follows:

> It is the law of this jurisdiction that where a statute makes an offense consist of an act combined with a particular intent, such intent is as necessary to be proved as the act itself, and it is necessary for the intent to be established as a matter of fact before a conviction can be had. Surmise and speculation as to the existence of the intent are not sufficient.

Id. at 382, 89 S.E.2d at 345.

In this case, as in <u>Dixon</u>, the accused made no statement that had a sexual innuendo and did nothing to suggest he intended to defile the woman.  Almost every person who has worn trousers has on one occasion or another discovered them unintentionally unzipped.  The evidence in this case does not exclude that ordinary circumstance, and, therefore, the evidence does not "exclude every reasonable hypothesis of innocence" concerning his intent and conduct.  <u>Inge</u>, 217 Va. at 366, 228 S.E.2d at 563. Thus, I would hold that the evidence failed to rise above surmise and speculation.