BENTON, Judge,
dissenting.
I agree that the evidence was sufficient to prove beyond a reasonable doubt that the officers suffered bodily injuries and that Andrew Gordon Luck, a seventeen-year-old juvenile, acted maliciously in committing the acts that caused those injuries. I do not agree that the evidence proved Luck had the specific intent to maim, disfigure, disable, or kill. Indeed, the trial judge found the evidence did not prove Luck had an intent to kill but, rather, proved Luck had an intent to injure.
“The necessary intent ... is the intent in fact, as distinguished from an intent in law.” Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974). “Intent in fact is the purpose formed in a person’s mind, which may be shown by the circumstances surrounding the offense, including the person’s conduct and his statements.” Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). The evidence proved Luck was trying to elude and escape from the officers as they attempted to use their cars to stop his truck. Immediately prior to the first collision, Luck was travelling southbound on a four lane highway at approximately eighty miles per hour. An officer first attempted to pass Luck on the left and “backed off’ when Luck veered his truck into the travel lane in which the police car was travelling. The officer then tried to pass Luck on the right and, when he had almost completely passed Luck’s truck, the officer applied the brakes in an attempt to slow Luck’s truck. One officer said the vehicles were then travelling about sixty-five miles per hour because the traffic had increased. At that point, Luck accelerated, hit the left rear of the officer’s car, and moved ahead of that officer’s car. The officer then attempted once again to pass Luck on the left. As he did so, Luck’s truck abruptly hit the right side of the officer’s vehicle, forcing both vehicles into the northbound lanes. The officer’s front bumper and Luck’s rear bumper interlocked, causing the officer to lose control of his car. Luck’s truck continued to the left pushing the *836 officer’s car off the road until Trooper Thomas “really hit the brakes.” The vehicles then disconnected. Luck lost control of his truck and rolled repeatedly until he came to rest off the roadway in front of a restaurant. The officer’s vehicle slowed and stopped on the highway.
That injuries resulted is not dispositive proof of Luck’s intent in fact. “Rather, the question is whether [Luck], while driving his truck, formed the specific intent to use his vehicle as a weapon for the unequivocal purpose of [maiming, disfiguring, or disabling,] the police officers.” Haywood v. Commonwealth, 20 Va.App. 562, 566, 458 S.E.2d 606, 608 (1995). No evidence proved that Luck had any intent other than to get away. Even assuming, however, as the trial judge found, the evidence proved an intent to commit bodily injury, that proof was not sufficient to prove an intent to maim, disfigure, or disable, to the exclusion of a malicious intent to do bodily harm. See Boone v. Commonwealth, 14 Va.App. 130, 132, 415 S.E.2d 250, 251 (1992) (an intent “to do physical injury to the person of another, ‘whether from malice or from wantonness’ ” is consistent with the elements of assault and battery).
For these reasons, I would reverse the convictions for malicious bodily injuries to law enforcement officers with the intent to maim, disfigure or disable.