COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Humphreys and Agee
Argued at Salem, Virginia


WILLIAM EDWARD MIZE

MEMORANDUM OPINION[*] BY
v.    Record No. 1185-00-3    JUDGE RUDOLPH BUMGARDNER, III
                                    MARCH 13, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

S. Jane Chittom, Appellate Defender (Public
Defender Commission, on brief), for
appellant.

Steven A. Witmer, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


William Edward Mize was convicted of aggravated malicious

wounding and malicious wounding.  He contends the evidence is

insufficient to establish malice or the intent to maim,

disfigure, disable, or kill.  He also contends the evidence was

not sufficient to prove use of a firearm during the commission

of the malicious woundings because the evidence was not

sufficient to prove the underlying offenses.  Finding no error,

we affirm.

The defendant shot his sister-in-law and her daughter with

a 16-gauge shotgun.  He hit the fourteen-year-old daughter,

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Amanda, in her face leaving her totally blind. He hit the sister-in-law, Wanda, in the back of her neck with one pellet. At trial, the defendant maintained the shotgun discharged accidentally while he was cleaning it. "On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted). So viewed the evidence supports the finding that the defendant fired the weapon at the two victims maliciously and intentionally.

Malice may be inferred "from the deliberate use of a deadly weapon." Perricllia v. Commonwealth, 229 Va. 85, 91, 326 S.E.2d 679, 683 (1985). Similarly, use of a deadly weapon, coupled with defendant's conduct and statements, may be sufficient to prove specific intent to kill. Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974). Voluntarily brandishing a firearm and firing a weapon near victims supported the inference of intent to kill. Bell v. Commonwealth, 11 Va. App. 530, 533-34, 399 S.E.2d 450, 452 (1991). A defendant's intent may be inferred from the facts and circumstances of a particular case. Hernandez v. Commonwealth, 15 Va. App. 626, 631, 426 S.E.2d 137, 140 (1993).

The defendant lived next door to his brother Johnny. The two began drinking beer around noon. At some point, they argued after the defendant complained that Johnny's stepdaughter was

-

dressing too suggestively for a fourteen-year-old girl.  The drinking continued into the afternoon.  After a friend, Timothy Dunford, arrived, the defendant told him, "I hate that little bitch."

Johnny and Dunford left to get some more beer, and the defendant retrieved his shotgun from his bedroom where he kept it.  He usually kept the gun unloaded and stored the ammunition separately.  The defendant returned outside with his shotgun, and the gun discharged.  Wanda looked up to see the defendant standing right outside his front door holding the gun against his shoulder in a firing position, pointing it at her and her daughter.  She then realized the shot had hit Amanda in the face.  Her son, David, also saw the defendant holding the gun in a firing position pointed at his mother and sister.  The defendant dropped the shotgun and fled into the woods.  He did not turn himself in to the police until the next day.

The defendant gave different accounts of what happened.  At first, he claimed he took the gun to the front porch to clean it.  While leaning against the picnic table with the gun on his lap, it fired accidentally.  When the police challenged that story because of the witness reports and the physical impossibility of hitting the victims from that firing position, the defendant suggested he might have had the gun raised higher as he was blowing it clean.

-

He next stated he realized Amanda and another girl were on the porch, he aimed at the porch, and he fired.  He explicitly stated his first story was not true, the shooting was not an accident, and he did raise the gun and shoot in the direction of Amanda.  At trial, the defendant again claimed the shooting was an accident, he explained his conflicting accounts, and extenuated the incriminating statements.

Whether a shooting is intentional or accidental is "a matter peculiarly within the province of [the fact finder] to determine."  Compton v. Commonwealth, 219 Va. 716, 731, 250 S.E.2d 749, 758 (1979).  The fact finder "was entitled to weigh the defendant's contradictory statements."  Toler v. Commonwealth, 188 Va. 774, 781, 51 S.E.2d 210, 213 (1949).  It is also entitled to infer the defendant was concealing his guilt by giving differing accounts.  Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981); Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

Based on these facts, coupled with the defendant's flight, Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996), cert. denied, 579 U.S. 1122 (1997), the fact finder could reasonably find the defendant maliciously shot the victims with the intent to main, disfigure, disable, or kill.  Because the evidence supports the finding of guilt of the primary offenses, aggravated malicious wounding and malicious wounding,

-

it permits a finding of guilt of the related firearm possession

offenses.  Accordingly, we affirm his convictions.

<u>Affirmed.</u>
