COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


MICHAEL JASPER COUNCIL

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2441-00-3            JUDGE G. STEVEN AGEE
                                        OCTOBER 16, 2001
COMMONWEALTH OF VIRGINIA AND
 CITY OF LYNCHBURG


           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Richard S. Miller, Judge

           David D. Embrey for appellant.

           Eugene Murphy, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee Commonwealth of Virginia.


     Michael Jasper Council (Council) was convicted in the

Circuit Court for the City of Lynchburg of statutory burglary

with intent to commit a misdemeanor, in violation of Code

§ 18.2-92, and misdemeanor property damage.  He was sentenced to

serve a five-year term of incarceration.  Council appeals the

burglary conviction contending the evidence was insufficient to

convict him of the particular charge.  We disagree and affirm

the conviction.

     As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

value, only those facts necessary to a disposition of this appeal are recited.

On January 31, 2000, Melissa Wiggins was in her bedroom in her shared apartment when she was awakened by a banging noise. She got out of bed and dressed, and then noticed the doorknob to her closed bedroom door turn. Believing it was one of her roommates, Wiggins instructed the person on the other side of the bedroom door to come into the room. When the door opened Council, a man she had never seen before, stood before her.

Wiggins asked Council who he was, to which he replied, "police." Wiggins then instructed Council to leave as she yelled for her roommates. Council ran out of the apartment through the front door. No one was touched, and nothing was taken from the apartment. The deadbolt lock on Wiggins' apartment door had been knocked out of the door along with parts of the door which surrounded the lock.

Wiggins called 911 and described the intruder and his clothing, noting that he wore a white bandana on his head. While Wiggins was on the phone with the 911 dispatcher, the police stopped Council outside the apartment building because he matched the given description minus the bandana. When told he was under arrest, Council ran, and as he did so, threw a pair of white women's underwear onto the sidewalk. The police soon apprehended him one block from the apartment with his trousers unzipped.

-

Upon his arrest, Wiggins identified Council as the intruder. Council denied he broke into the apartment and was the person Wiggins encountered.

## I.  STANDARD OF REVIEW

Council argues that, although the Commonwealth's evidence supported a breaking and entering charge, there was no evidence that he entered the apartment with intent to commit any misdemeanor offense. When the sufficiency of the evidence is challenged, we consider all the evidence, and any reasonable inferences fairly deducible therefrom, in the light most favorable to the party that prevailed at trial, which is the Commonwealth in this case. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). Witness credibility, the weight accorded the testimony and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). A trial court's judgment will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. See Code § 8.01-680.

## II.  ANALYSIS

Code § 18.2-92 provides, in pertinent part:

> If any person break and enter a dwelling house while said dwelling is occupied, either in the day or nighttime, with the intent to commit any misdemeanor except assault and battery or trespass, he shall be guilty of a Class 6 felony.

-

Council's indictment does not identify a particular misdemeanor for which he entered Wiggins' apartment but simply states the breaking and entering offense was committed "with the intent to commit a misdemeanor other than larceny or trespass."[1]  Council asserts that the evidence failed to establish any intent to commit a misdemeanor upon entry into the apartment.  We disagree.

"When an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citing Tompkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971)).  The state of mind of an accused may be shown by his acts and conduct.  Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974); Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968).

The Commonwealth argues that Council broke into and entered the apartment with the intent to commit either indecent exposure (Code § 18.2-387) or sexual battery (Code § 18.2-67.4).  That position is based on Council's zipper being down when he was arrested outside the apartment and his discard of women's

---

[1] Council did not challenge the vagueness/sufficiency of the indictment at trial or on appeal.  Neither did Council ask for a bill of particulars to identify the misdemeanor.

-

underwear while attempting to flee.  However, no evidence directly connects those facts to any conduct inside the apartment or his intent when he entered.

Council argues that there is insufficient evidence to establish a criminal intent other than the actual act of breaking and entering, citing Taylor v. Commonwealth, 207 Va. 326, 150 S.E.2d 135 (1966), and Dixon v. Commonwealth, 197 Va. 380, 89 S.E.2d 344 (1955).  Both cases, though, are distinguishable from the case at bar.  Neither defendant was charged under the statute applied in this case.  Further, those defendants were not found to have forcibly entered the premises or to have intended to commit an offense after entering, as was charged.  In Dixon, the Supreme Court of Virginia held the evidence of intent "was based upon mere surmise and speculation."  Id. at 382, 89 S.E.2d at 345.  Therefore, the defendant's conviction was unsupported by the facts and reversed.

It is not necessary, however, to determine if Council's intent was to commit a sexual offense in order to affirm the conviction under Code § 18.2-92.  The Commonwealth's evidence established that Council entered the apartment with other criminal intent, which is sufficient under the statute.

Upon being confronted in the apartment, Council identified himself as a police officer, in violation of Code § 18.2-174.  This deliberate act is direct evidence of a criminal intent for

-

breaking into the home of people he did not know to impersonate a police officer if detected.

The Commonwealth is not required to prove one criminal intent was predominate over another or that one was exclusive of the other.

> A person may commit a crime with more than one purpose, and the fact that the act is done with two or more specific objectives does not mean that the Commonwealth has failed to prove the specific intent to commit the charged crime. Thus, when the Commonwealth proves beyond a reasonable doubt that an accused has committed a criminal act with both a primary and a secondary purpose in mind, both or either of which purposes are criminal, the Commonwealth has met its burden of proving the element of specific intent.

Hughes v. Commonwealth, 18 Va. App. 510, 530-31, 446 S.E.2d 451, 463 (1994) (en banc) (Coleman, J., concurring).

It is well settled that "[t]he credibility of witnesses, the weight accorded testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder." Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of a trial court will be disturbed on appeal only if plainly wrong or unsupported by the evidence. See Code § 8.01-680. The trial court was in a position to evaluate the credibility of witnesses, and its decision to reject Council's testimony is amply supported by the record. See Cherrix v. Commonwealth, 257 Va. 292, 301-02, 513 S.E.2d 642, 649 (1999); see also Montgomery v. Commonwealth, 221

-

Va. 188, 190, 269 S.E.2d 352, 353 (1980) (<u>per</u> <u>curiam</u>) ("[E]ven if the defendant's story was not inherently incredible, the trier of fact need not have believed the explanation.").

Council's presence in the apartment, the forceful breaking and entering, his statements to Wiggins, and flight are consistent with the trial court's finding that he possessed a guilty intent upon entry into the home to commit one or more misdemeanors. There was direct evidence from which the trial court could reasonably conclude Council's intent included impersonation of a police officer. Accordingly, we cannot say that the trial court's finding that Council possessed the necessary intent to commit a misdemeanor was clearly wrong.

For the foregoing reasons, we hold that the evidence is sufficient to support Council's conviction, and the judgment of the trial court is, therefore, affirmed.

<u>Affirmed.</u>

-