COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Clements and Senior Judge Willis
Argued at Richmond, Virginia


WILLIAM EDWARD DANCE, JR.

MEMORANDUM OPINION[*] BY
v.   Record No. 3085-02-2      JUDGE JAMES W. BENTON, JR.
                                JULY 8, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Cleo E. Powell, Judge

Denis C. Englisby (Margaret Ann Englisby;
Englisby, Englisby & Vaughn, on brief), for
appellant.

Eugene Murphy, Assistant Attorney General
(Jerry W. Kilgore, Attorney General, on
brief), for appellee.


The sole issue on appeal is whether the evidence was

sufficient to prove beyond a reasonable doubt an intent to steal.

We hold that it was.

I.

A police officer, who worked off-duty as a security officer

in a grocery store, testified that he watched William Edward

Dance, Jr. take a box of Benadryl from a shelf and remove the tube

of Benadryl from the box.  Dance then took a box of Lanasor cream

from the shelf and removed the tube of Lanasor from its box.

After Dance walked away from the shelf and put both tubes into his

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

pants pocket, the officer followed Dance.  Dance went to the store's delicatessen, ordered an item of food, and carried it in his hand as he walked to the front of the store.  The officer followed at a distance of ten feet as Dance walked past the cashiers and toward the door.  Before exiting through the door, Dance stopped and put the items he was holding into a shopping basket that was stacked atop other baskets.  He also removed the tubes of Benadryl and Lanasor from his pocket and put them in the same basket.  Dance then exited the store without any merchandise and walked to his truck.

The officer retrieved the items from the basket, went to Dance's truck in the store's parking lot, and arrested Dance.  After he informed Dance of his <u>Miranda</u> rights, Dance told the officer he had decided not to purchase the items he put in the basket.  The officer testified, however, that Dance later said he "was just being stupid" and "did not know why he took the items."  After the arrest, the officer found on the display shelf the box from which Dance removed the Lanasor cream.  He did not locate the Benadryl box.

Dance testified that he went to the store to purchase food items and remembered he needed ointment for a rash.  After he examined the labels of the ointments, he took the ointments and continued to shop in the store.  When asked if he removed the tubes from their boxes, he testified "not to my knowledge."  When asked if he put the two items in his pocket, he testified, "I do

-

not believe so."  Dance also testified that after he obtained a food item from the delicatessen and was walking toward the cash registers, he remembered his wallet was in his truck.  He said he put the items on a soda display and went out of the store to get his wallet.  Dance testified he did "not recall taking [the tubes] out of his pocket, but . . . could have," and he explained that although he believed he put the ointments on the same soda display, he "must have dropped them . . . into the baskets."  Dance further testified he intended to pay for the items and did not intend to steal them.

The trial judge convicted him of larceny.

## II.

Larceny is "defined . . . as 'the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without [the owner's] assent, and with the intention to deprive the owner thereof permanently.'"  Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994) (citation omitted).  Applying several common law principles concerning asportation, trespass, and possession, the Supreme Court upheld a conviction for larceny in Bryant where the evidence proved the accused separated items from their packaging materials inside the store and concealed the items in a bag she was carrying.  Id. at 180-81, 445 S.E.2d at 668-69.  The Court reasoned as follows:

-

> Even though Bryant initially may have had bare custody of the items she removed from [the store's] shelves, she committed a trespass that invaded [the store's] constructive possession by removing the items from their packaging and by removing the alarm sensors. Once Bryant committed the trespass against [the store's] constructive possession, any movement of the items, irrespective of how slight, is sufficient evidence of asportation.
>
> . . . [W]e find no merit in Bryant's contention that the Commonwealth failed to prove that there had been a caption. Here, the evidence clearly establishes that Bryant had exercised dominion and control over [the store's] property.

248 Va. at 184, 445 S.E.2d at 670.

Dance contends the evidence in this case fails to prove he had the intent to steal. He argues the evidence only proved a "concealment of merchandise" but did not prove he acted "willfully." We disagree.

The principle is well established that intent is the purpose formed in a person's mind and it often must be inferred from the facts and circumstances in a particular case. Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974). Thus, where the issue is intent, the trier of fact is entitled to draw reasonable inferences from the facts, including the statements and conduct of the accused. Crater v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). Moreover, "the credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the

-

opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).

The trial judge was entitled to accept as true the officer's testimony that Dance removed both tubes of ointment from their boxes and put them inside his pocket. Indeed, Dance's own testimony did not directly contradict that evidence; he merely testified that he did not "recall" doing so. Furthermore, in considering Dance's intent, the trial judge could give great weight to Dance's post-arrest statement that he took the items because of stupidity. These facts and circumstances were sufficient to prove an intent to steal.

Dance argues the Commonwealth was required to prove he acted willfully. We disagree. The grand jury indicted Dance for larceny in violation of Code §§ 18.2-96 and 18.2-104. The trial judge convicted him of those same violations. Contrary to Dance's assertion, although "[a] conviction of larceny requires proof beyond a reasonable doubt of the defendant's intent to steal," Bryant, 248 Va. at 183-84, 445 S.E.2d at 670, common law larceny does not require proof of willful intent. See Stanley v. Webber, 260 Va. 90, 96, 531 S.E.2d 311, 315 (2000) (noting that "[l]arceny, a common law crime, is the wrongful . . . taking of another's property without . . . permission and with the intent to permanently deprive [the owner] of that property").

-

By removing the tubes from their boxes, Dance acted to defeat any warning or pricing device that may have been affixed to the container and created a circumstance in which he could assert, if challenged, he possessed the tubes before entering the store.  These facts, and Dance's statements, denote a state of mind indicating Dance acted with criminal intent.  See Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 764 (2001) (noting that "criminal intent may, and often must, be inferred from the facts and circumstances of the case, including the actions of the defendant and any statements made by him").

Accordingly, we hold the evidence was sufficient to prove beyond a reasonable doubt that Dance had the intent to permanently deprive the store of the items.  We, therefore, affirm the larceny conviction.

Affirmed.