COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Coleman
Argued at Richmond, Virginia


LOGAN BOURNE

MEMORANDUM OPINION[*] BY
v.        Record No. 1017-11-2                   JUDGE SAM W. COLEMAN III
MAY 22, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
Samuel E. Campbell, Judge

John A. Kirkland (Law Offices of David L. Cloninger, on brief), for
appellant.

Steven A. Witmer, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Logan Bourne (appellant) appeals from his bench trial conviction for attempted burglary

with the intent to commit larceny, assault and battery, or a felony other than rape, robbery or

arson in violation of Code §§ 18.2-91 and 18.2-26.  On appeal, he contends the evidence was

insufficient to prove:  (1) he attempted to enter the building, or (2) he had the requisite intent to

commit larceny or any of the other predicate offenses included in Code § 18.2-91.  We conclude

that the evidence was sufficient to prove an attempt to break and enter with the intent to commit

larceny.  Therefore, we affirm his conviction.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Around 11:30 p.m. on September 14, 2010, Gary Serber's dogs began barking. When Serber opened the door to let them out, they ran to the back of Serber's garage. Serber followed and as he neared the garage he heard a metallic rumbling sound. When Serber went to the rear of the garage, he saw appellant and Mizell Harris fleeing his property and cutting through a neighbor's yard. Serber knew appellant and Harris because they were friends with his stepdaughter and had been inside his house numerous times. Upon inspecting his garage, Serber observed that the window had been extensively damaged. The window had been intact and undamaged when Serber had left for work that morning. However, the "window was broke[n and] smashed out" when he examined it after appellant and Harris had fled. He said, "[t]he whole window frame was destroyed," and "several panes were broke out."

Serber testified that Harris had been in the garage previously and had asked to borrow tools from him. At the time of the incident, Serber stored lawn mowers, tools, guns, and furniture in the garage.

In his motion to strike after the Commonwealth rested its case-in-chief, appellant argued that the Commonwealth failed to prove he attempted to enter the building or that he did so with the necessary intent. After denying the motion to strike, appellant and Harris testified and denied being present on Serber's property that night. Appellant argued "even if the Court does believe that [he was present] there, I still don't think that gives rise to the level of an attempted breaking and entering here. At most, destruction of property. You have to have an intent to commit some kind of larceny."

On appeal, appellant asserts the evidence was insufficient to support his conviction because there was no evidence that he attempted to enter the building or that he did so with the intent to commit larceny.

Ultimately, the issue is simply "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

### Attempted Entry

"An attempt to commit a crime is composed of two elements:  (1) the intent to commit it; and (2) a direct, ineffectual act done toward its commission." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969).  The act of breaking and entering "must reach far enough towards the accomplishment of the desired result to amount to the commencement of the consummation." Id.

> "Breaking, as an element of the crime of burglary, may be either
> actual or constructive. . . .  Actual breaking involves the
> application of some force . . . whereby the entrance is effected."

Bright v. Commonwealth, 4 Va. App. 248, 252, 356 S.E.2d 443, 445 (1987) (quoting Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594 (1981)); see also Johns v. Commonwealth, 10 Va. App. 283, 286, 392 S.E.2d 487, 488 (1990) (explaining that a breaking, for purposes of burglary, requires the application of force, however slight, to accomplish an entrance against the occupier's will).  "The gravamen of the offense [of burglary] is breaking the close or the sanctity of the residence . . . ." Bruce v. Commonwealth, 22 Va. App. 264, 270, 469 S.E.2d 64, 68 (1996), aff'd, 256 Va. 371, 506 S.E.2d 318 (1998).

"'In the criminal law as to housebreaking and burglary, [breaking] means the tearing away or removal of any part of a house or of the locks, latches, or other fastenings intended to

secure it, or otherwise exerting force to gain an entrance, with criminal intent . . . .'" Id. at 269, 469 S.E.2d at 67 (quoting Black's Law Dictionary 189 (6th ed. 1990)).

Contrary to appellant's assertion that no one heard the window break, the evidence was that Serber heard a "metallic rumbling sound" when he approached the garage.[1] When he reached the rear of the garage, he saw that the entire window frame had been destroyed and several panes of glass had been broken. He saw the appellant and co-defendant fleeing the scene. The fact finder could conclude that Serber heard noise of the breaking glass and metallic window frame, which had been intact earlier, and that the fleeing appellant and co-defendant had broken the window and frame in an effort or attempt to gain entry to the garage. Thus, they had made a direct but ineffectual act done in furtherance of a breaking and entering. Accordingly, the evidence was sufficient to support the Commonwealth's theory that appellant broke the window in an attempt to enter the garage.

### Intent to Commit Larceny

"[I]n a prosecution of burglary with intent to commit larceny, the state must prove the specific intent to steal beyond a reasonable doubt." Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). "'Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be shown by a person's conduct or by his statements.'" Vincent v. Commonwealth, 276 Va. 648, 652, 668 S.E.2d 137, 140 (2008) (quoting Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974)).

---

[1] We note that appellant relies on Caminade v. Commonwealth, 230 Va. 505, 338 S.E.2d 846 (1986), where the evidence of a pried open garage door was insufficient to support a conviction of burglary. Appellant, however, was convicted of *attempted* burglary, and thus Caminade is not relevant to this case.

"[T]he question of [appellant's] intent must be determined from the outward manifestation of his actions leading to usual and natural results, under the peculiar facts and circumstances disclosed. This determination presents a factual question which lies peculiarly within the province of the [fact finder]." Ingram v. Commonwealth, 192 Va. 794, 801-02, 66 S.E.2d 846, 850 (1951). "[T]he [fact finder] may consider the conduct of the person involved and all the circumstances revealed by the evidence." Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987).

"[W]hen an unlawful entry is made . . . , the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances." Ridley, 219 Va. at 836, 252 S.E.2d at 314 (citing Tompkins v. Commonwealth, 212 Va. 460, 461, 184 S.E.2d 767, 768 (1971)). "In the absence of evidence showing a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny." Id. at 837, 252 S.E.2d at 314-15 (citations omitted).

Here, the evidence warranted an inference that appellant's attempt to enter Serber's garage was with the specific intent to commit larceny. Appellant's co-defendant had been inside the garage before and was aware that Serber stored tools, lawn mowers, furniture, and guns there. That knowledge was imputed to appellant. "An ordinary mind will take cognizance of the fact that people do not break and enter" structures "containing personal property . . . with innocent intent." Ridley, 219 Va. at 837, 252 S.E.2d at 315 (explaining that absent any "explanation or evidence of a different intent, as here, the intelligent mind will infer that entry

was with the intent to steal property in the store[house]").  Therefore, the trial court did not err in finding sufficient evidence that appellant had the requisite intent to commit larceny.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed.</u>