### Richmond
## EMERSON WOODROW LAMBERT
## v.
## COMMONWEALTH OF VIRGINIA
No. 1251-86-2
Decided May 17, 1988

COUNSEL

Thomas L. Northam (Cowan & Owen, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

COLEMAN, J. — A furloughed prisoner who fails to return to prison at the appointed time may be guilty of a felony or a misdemeanor.[1] In the trial of Emerson Lambert, who failed to return to prison after his furlough, the trial judge ruled that Code § 53.1-

---

[1] Code §§ 53.1-37(D) and (E) provide:

D. Any prisoner who willfully fails to remain within the limits of confinement set by the Director hereunder, or who willfully fails to return within the time prescribed to the place designated by the Director in granting such extension, shall be guilty of an escape and shall be subject to penalty as though he left the state correctional facility itself.

E. Any prisoner who without authority or just cause fails to remain within the limits of confinement set by the Director hereunder, or who without authority or just

37(D) creates a presumption that the prisoner has committed a felony when he or she fails to return at the appointed time.

Lambert, an inmate at Pocahontas Correctional Facility, was granted a furlough permitting him to leave at 8:00 a.m. on December 24, 1985. He was required to return no later than 6:00 p.m. on December 27, 1985. Lambert was aware that if an emergency arose which would detain him, he was to report to the nearest police station in Richmond, and a police officer would notify the correctional unit.

Lambert did not return by 6:00 p.m. December 27. The correctional unit had not been notified of any delay, so the officer on duty called the Richmond police department and Lambert's mother whose home Lambert was to be visiting. After a conversation with the mother, the officer notified his superintendent that Lambert had failed to return and an arrest warrant was issued. Lambert was convicted in a bench trial based upon the Commonwealth's evidence related above. The record is silent about the reason for Lambert's failure to return, his whereabouts, or when or how he was returned to custody. Counsel for Lambert presented no evidence but argued that the Commonwealth had not proven that Lambert willfully failed to return. The trial court overruled the defense motion to strike the evidence, ruling that the Commonwealth was "entitled to a presumption and that the negation of willfulness" was an affirmative defense for Lambert to establish. Lambert was convicted of the felony of escape and was sentenced to two years in prison.

Code § 53.1-37 authorizes the Director of the Department of Corrections under specified conditions to permit prisoners furloughs and to promulgate rules and regulations governing the furloughs. Failure to return from a furlough is deemed a criminal offense with the gradation defined by Code §§ 53.1-37(D) and (E). Subsection (D) makes it a felony when a prisoner "willfully fails to return within the time prescribed" to the prison. Subsection (E) provides that a prisoner is guilty of a misdemeanor if he or she fails to return to the prison "without authority or just cause." The distinction between the two subsections is the element of willfulness; a felony offense must be willful. Every other failure

cause fails to return within the time prescribed to the place designated by the Director in granting such extension, shall be guilty of a Class 2 misdemeanor.

to return within the prescribed time to the designated location is a misdemeanor unless the prisoner established that the failure to return was authorized or with just cause. It is elementary that the Commonwealth must prove every element of a criminal charge beyond a reasonable doubt. *In re Winship*, 397 U.S. 358 (1970). Thus, to obtain a felony conviction under Code § 53.1-37(D), the Commonwealth was required to prove the element of willfulness.

 In a criminal statute, "willfully" ordinarily means designedly, intentionally or perversely. *Lynch v. Commonwealth*, 131 Va. 762, 766, 109 S.E. 427, 428 (1921). "[The] correct application [of willfully] in a particular case will generally depend upon the character of the act involved and the attending circumstances." *Id.* The United States Supreme Court, citing authority from state and federal courts, had this to say about the element of willfulness in a case in which the defendant was charged with willfully failing to supply information to the IRS:

> The word [willful] often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful . . . .

*United States v. Murdock*, 290 U.S. 389, 394 (1933) (citations omitted); *see also United States v. Bishop*, 412 U.S. 346, 360 (1933). In the absence of direct evidence of intent, willfulness must be established through circumstances.

The Commonwealth argues that, because Lambert was under an affirmative duty to return or to notify the local police, proof, by itself, of his failure to do either supports a finding of willfulness. We do not agree. The mere failure to notify the police or to call does not establish that the failures were willful. When a criminal offense is defined by a willful failure to perform a certain act, it is not sufficient to support a conviction merely to establish that the accused did not do a certain act without establishing circumstances that warrant an inference that the failure to act was intentional or by design. While Lambert's failure to call or to report is a circumstance which, when combined with others, may lead a trier-of-fact to infer willfulness, those unexplained omissions by

themselves are not sufficient to establish willfulness to the exclusion of another equally reasonable explanation. In the absence of evidence explaining Lambert's failure to return or to notify the local police, or showing his whereabouts, or detailing how and when he was returned to custody, the Commonwealth did not prove beyond a reasonable doubt that he acted willfully. *See United States v. Coggins*, 398 F.2d 668 (4th Cir. 1968) (furloughed inmate guilty of willful escape when he failed to report to the D.C. jail as directed, was gone for six days, and was returned involuntarily after he was arrested).

■ The plain language of the statute requires that the Commonwealth prove willfulness beyond a reasonable doubt. That element of the crime will not be inferred from an absence of evidence to the contrary. The only evidence which the Commonwealth argues tended to prove willfulness was the failure to call or to report. We do not suggest that the Commonwealth, in order to establish a *prima facie* case of willful failure to return, is required to introduce evidence explaining the reason for the prisoner's failure to return, or establishing his whereabouts during his absence, or negating every unintentional explanation. The statute does not contemplate the impossible. However, the length of a prisoner's absence, the circumstances surrounding his or her return, and the absence of evidence explaining or accounting for the failure to return should be available to the factfinder to permit whatever inference might be drawn. The record in this case, however, is silent as to how long Lambert was absent and when and how he returned or was returned to Pocahontas Correctional Facility, although this information should have been readily available from the prison records. There was no evidence as to why he did not return, and no evidence of his activities while he was gone. We do not know whether he returned of his own volition or whether he was forcibly returned. The prosecutor introduced no statements from him and presented no witnesses who gave information as to his conduct, his whereabouts or his activities. We hold that a guilty verdict for violation of Code § 53.1-37(D) cannot be sustained merely by proof that the prisoner failed to return as required. The Commonwealth's evidence that the prisoner failed to return at the designated time and place or to call the Richmond police did not raise a presumption that his failure was willful. We reverse the felony

conviction and remand for a new trial on the misdemeanor charge if the Commonwealth be so advised.

*Reversed and remanded.*

Benton, J., and Cole, J., concurred.