COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Bumgardner
Argued by teleconference


CHARLES E. WILSON

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0017-01-3          JUDGE JAMES W. BENTON, JR.
                                            JANUARY 29, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
                        A. Dow Owens, Judge

            J. Douglas Fleenor for appellant.

            Michael T. Judge, Assistant Attorney General
            (Randolph A. Beales, Attorney General, on
            brief), for appellee.


     The trial judge convicted Charles E. Wilson of the felony of

assault and battery against a law-enforcement officer in violation

of Code § 18.2-57(C).  Wilson contends the trial judge erred by

ruling that the Commonwealth did not have to prove intent and that

the evidence was sufficient to prove Wilson intended to assault

the officer.  For the reasons that follow, we affirm the

conviction.

                                I.

     The evidence proved that a police officer arrested Wilson

for public drunkenness and transported him to the local jail.

When Wilson arrived at the jail, he was "threatening, verbally

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

abusive, lot[s] of cussing" and angry. He directed his profane comments at the officers and threatened to kill them.

A deputy sheriff searched Wilson's clothing and directed Wilson to sit and remove his shoes for a search. Wilson kicked one shoe across the room. The deputy sheriff retrieved the shoe, searched it, and searched Wilson's other shoe. He then put both shoes next to Wilson. Wilson kicked or threw his shoes across the room a second time, but retrieved the shoes himself. The deputy sheriff did not recall whether Wilson put his shoes on his feet.

The deputy sheriff left Wilson alone and walked to another area of the room. Other officers were in the area; however, none were closely monitoring Wilson. When the deputy sheriff returned to the area where Wilson was sitting, he saw movement "peripherally" and was struck on the jaw by Wilson's shoe. Although none of the officers actually saw Wilson throw or kick the shoe, all saw the shoe come from Wilson's direction. Wilson was sitting ten feet from the deputy sheriff and was the only person in that part of the room.

Wilson testified that he has an alcohol problem, that he was intoxicated in the jail, and that he did not recall the incident. He testified that, if he threw the shoe, it was not intended to hit anyone.

At the conclusion of the evidence, Wilson's attorney made a motion to strike the evidence. After the arguments by the

-

prosecutor and the defense attorney, the trial judge convicted Wilson of assault and battery of a law-enforcement officer in violation of Code § 18.2-57(C).

## II.

Wilson contends the trial judge erred in ruling that intent is not an element of the crime of assault and battery. The Commonwealth argues, however, that Wilson's attorney failed to object to the trial judge's comment concerning intent and that the record proves Wilson's attorney "agreed with the comment."

The record indicates that at the conclusion of the Commonwealth's case-in-chief, Wilson's attorney argued that "the concern here is . . . its one thing if he threw it. It's another thing if he was kicking his shoe as he'd done previously with no intent to cause injury." He repeated the crux of that argument at the close of all the evidence. He argued that the evidence did not prove "the shoe [left] the person of . . . Wilson" and that the evidence did not prove who propelled the shoe across the room or how it was propelled. He also presented the hypothesis that the evidence supported two equally likely inferences -- that Wilson either threw or kicked his shoe -- which created a conflict on the issue of intent. In response, the trial judge first said, "[i]ntent is not a factor under this code section," and then, in response to the attorney's further argument, said, "[i]ntent under this code section of injury of a police officer is not a factor as . . . in malicious wounding."

-

We have specifically held as follows:

> [W]here an issue of sufficiency of evidence is presented to a trial court, sitting without a jury, in a motion to strike at the conclusion of the Commonwealth's evidence and, upon its denial and upon conclusion of the defendant's evidence, the same issue is presented in the defendant's final argument to the court, the defendant has preserved his right to appeal this issue, even though he did not make a motion to strike at the conclusion of his own evidence.

Campbell v. Commonwealth, 12 Va. App. 476, 478, 405 S.E.2d 1, 1 (1991) (en banc).  The transcript clearly establishes that Wilson's attorney argued the issue of intent and that the trial judge commented on that argument.  Because the trial judge "specifically addressed and ruled on these issues . . . , we conclude that the purpose of the contemporaneous objection rule . . . is satisfied."  Morris v. Commonwealth, 13 Va. App. 77, 84 n.2, 408 S.E.2d 588, 592 n.2 (1991).

### III.

In pertinent part, Code § 18.2-57(C) provides as follows:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer as defined hereinafter . . . such person shall be guilty of a Class 6 felony, and, upon conviction, the sentence of such person shall include a mandatory, minimum term of confinement for six months which mandatory, minimum term shall not be suspended, in whole or in part.

"Assault and battery, . . . requires proof of 'an overt act or an attempt . . . with force and violence, to do physical injury

-

to the person of another,' 'whether from malice or from wantonness,' together with 'the actual infliction of corporal hurt on another . . . wil[l]fully or in anger.'" Boone v. Commonwealth, 14 Va. App. 130, 132-33, 415 S.E.2d 250, 251 (1992) (citations omitted). The principle is well established in Virginia that "[a]ny touching by one of the person . . . of another in rudeness or in anger is an assault and battery." Lynch v. Commonwealth, 131 Va. 762, 765, 109 S.E. 427, 428 (1921).

We conclude from the trial judge's comments and his ruling that the trial judge was merely indicating that a specific intent was not needed in order to prove beyond a reasonable doubt the elements of assault and battery. Indeed, the judge stated, "[i]ntent under this code section . . . is not a factor as it . . . is in malicious wounding." Without further elaboration, Wilson's counsel said, "I understand," and moved onto an argument about the absence of injury. From the context of the exchange, we believe it is reasonable to conclude that the trial judge was merely expressing in a short handed manner the view we have stated more expansively as follows:

> An element necessary to . . . malicious
> . . . wounding is the "intent to maim,
> disfigure, disable, or kill" the victim.
> Assault and battery, however, requires proof
> of "an overt act or an attempt . . . with
> force and violence, to do physical injury to
> the person of another," "whether from malice
> or from wantonness," together with "the
> actual infliction of corporal hurt on

-

another . . . wil[l]fully or in anger."  One cannot be convicted of assault and battery "without an intention to do bodily harm – either an actual intention or an intention imputed by law," but an intent to maim, disfigure or kill is unnecessary to the offense.

Boone, 14 Va. App. at 132-33, 415 S.E.2d at 251 (citations omitted; emphasis removed).

In convicting Wilson, the trial judge referred to proof "beyond a reasonable doubt" that Wilson acted in a "rude manner" while propelling his shoe.  See Lynch, 131 Va. at 765, 109 S.E. at 428 (holding that touching "another in rudeness or in anger is an assault and battery").  The evidence proved that Wilson was abusive, threatened to kill the officer, and generally was belligerent during the incident in which he propelled his shoe across the room striking the officer's face.  This evidence was sufficient for the trial judge to find that Wilson's conduct was so wanton and flagrant as to prove beyond a reasonable doubt the elements of assault and battery.

Accordingly, we affirm the conviction.

Affirmed.