COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


BERNARD LESTER WALLER, A/K/A
 BERNARD L. REASE

                                    MEMORANDUM OPINION* BY
v.    Record No. 0934-01-2         JUDGE JAMES W. BENTON, JR.
                                         MAY 14, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                   Leslie M. Osborn, Judge

          Tracy L. Quackenbush (Law Offices of W.W.
          Bennett, Jr., P.C., on brief), for appellant.

          Leah A. Darron, Assistant Attorney General
          (Randolph A. Beales, Attorney General, on
          brief), for appellee.


     Bernard Lester Waller appeals from a conviction of using a

false name and social security number on a voter registration

application in violation of Code § 24.2-1016.  Appellant

contends the trial judge erred by (i) adversely considering his

failure to testify, (ii) improperly shifting the burden of proof

from the Commonwealth, and (iii) finding the evidence sufficient

to prove he "willfully" made a false statement.  For the

following reasons, we reverse the conviction.

     An indictment charged appellant with one count of

feloniously using, between May 1, 1999 and May 1, 2000, a false

_____

          * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

name and social security number on a voter registration application. The Commonwealth's evidence proved that on May 27, 1999, a social services worker interviewed a man who applied for food stamps benefits. The social worker testified that when she asked the man if he wanted to register to vote, he responded affirmatively. Although the social worker saw the man sign the name "Bernard L. Waller" on a voter registration application, she could not identify appellant as the man she interviewed. In accordance with the practice of the social services office, the completed application was sent to the voter registrar's office. The Halifax County registrar testified that she received from social services a voter registration application bearing the name "Bernard Lester Waller" and the social security number "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." The application indicated Waller had not been convicted of a felony. The registrar registered that person as a voter.

Almost a year later on April 22, 2000, the registrar received by mail a voter registration application that bore the name "Bernard Lester Rease" and the social security number "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." It indicated Rease had not been convicted of a felony. When the registrar noticed that the application bore the same first and middle name and address as another applicant but indicated different social security numbers and surnames, she reviewed the voter rolls. She then called appellant "and asked him to confirm information on the cards so that [she]

-

could get the correct social security number . . . and . . . understand what the problem was with the name." She testified that she did not register the second application and that appellant never voted in an election.

Both voter registration applications were admitted as trial exhibits. The registrar testified that each application originally contained a detachable form on the bottom of the application. One item of the detachable form requires the applicant to indicate whether the applicant ever previously registered to vote. Another item requires the applicant to indicate whether the applicant authorizes the cancellation of the applicant's current registration. Although the registrar testified this latter item is used to cancel a prior registration, she also testified "that particular [item] doesn't [cancel anything in Virginia]." The registrar testified that the detachable form is sent to another state if the person indicates he or she was registered in that state or destroyed if the person indicates no prior registration. Although neither application contained the detachable form, the registrar could not remember whether the forms had been mailed or destroyed.

A forensic expert testified that, based on a comparison of a sample of appellant's known signature with the signatures on both registration applications, it was his opinion that the same person had signed both voter registration applications and that the signatures matched appellant's signature exemplar. Over

-

defense counsel's objection, the Commonwealth also introduced a record of two criminal convictions from New Jersey which lists appellant's name as "Bernard L. Rease" and indicates appellant had been convicted of possession of cocaine in violation of New Jersey Code § 2C:35-10A(1) and violating probation in violation of New Jersey Code § 2C:35-10A(1). Overruling the objection, the trial judge determined that the records were admissible to prove appellant's motive to give false information.

After the trial judge denied appellant's motion to strike the evidence for insufficiency, appellant's mother, Helen Waller, testified that appellant was born in New Jersey in 1962 before she married and while she used the name "Waller." She testified that after she married, she changed both of their surnames to "Rease," but that when she divorced three years later, both she and appellant resumed using the name "Waller." She testified that appellant had used the names "Waller" and "Rease" when he lived in New Jersey.

Appellant's mother also testified that when appellant moved to Halifax County in 1999 he was using "Waller" as his surname. She testified that appellant had difficulty obtaining a job in Virginia because he did not have identification. He then obtained a birth registration certificate from New Jersey. The birth registration certificate, which was entered into evidence, was issued February 8, 2000. It contains the name, "Bernard Lester Rease," and the birth date, October 4, 1962. The birth

-

registration certificate further indicates that the birth was registered in New Jersey on October 8, 1962.  The judge found that "[t]his is not the original birth certificate . . . [but] is a birth registration certificate issued in February of the year 2000" and that "[i]t would incorporate any changes that were made for all that period of time."  The judge also admitted into evidence copies of the New Jersey Code §§ 2C:1-4 and 2C:43-1, which designate crimes in New Jersey as either "misdemeanor" or "high misdemeanor."

At the conclusion of the testimony, the trial judge ruled, in pertinent part, as follows:

> I don't think that the Commonwealth has proven that the situation with regard to . . . the name in and of itself is enough. The law in Virginia in general says you can use any name you want to as long as you don't do it for fraudulent purposes.  In and of itself I'm not sure that that would be enough.  But I don't see any justification for having two different social security numbers.  And to be honest with you, before a lot of this evidence was put on I certainly wouldn't have convicted just on the change of the name because the man could have changed his name.  And I think it's not unreasonable -- in my opinion it's not an unreasonable inclination with regard to the name.  But I've heard no reasonable explanation for giving different social security numbers.  It's not off one number. It's an inversion.  The -- we do have admitted into evidence this other thing that shows it was a different social security number out of state, and I don't think I can totally ignore that, but the -- there's been no explanation whatever with regard to these two social security numbers.

-

Also, the evidence does not indicate that before any criminal charges or anything else was brought on whether he had an opportunity to get this straight and he didn't. I think the fact he did not do that, nor has he testified -- given any testimony with regard to that has some effect, also.

The long and short of it is, I'm going -- I'm going to find him guilty of this based on the social security numbers, because I think that the evidence was sufficient.

And the fact that the term in New Jersey does not use the word felony does not negate Mr. Greenbacker's argument with regard to motive.

The trial judge convicted appellant of violating Code § 24.2-1016.

## II.

Appellant contends the trial judge "violated the Fifth Amendment by holding the appellant's silence against him" and also "abused his discretion by shifting the burden of proof to the appellant." The record reflects, however, that appellant made no objection at trial concerning either issue. Accordingly, Rule 5A:18 bars our review of both issues.

## III.

Appellant additionally contends the evidence did not prove he acted willfully. We agree with appellant that the evidence was insufficient to prove that element of the offense.

-

The statute provides as follows:

> Any willfully false material statement or entry made by any person in any statement, form, or report required by this title shall constitute the crime of election fraud and be punishable as a Class 5 felony. Any preprinted statement, form, or report shall include a statement of such unlawful conduct and the penalty provided in this section.

Code § 24.2-1016. When used in a criminal statute, "willfully" ordinarily means "designedly, intentionally or perversely." Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988). It generally means "an act done with a bad purpose." Ellis v. Commonwealth, 29 Va. App. 548, 554, 513 S.E.2d 453, 456 (1999). Thus, we have held that when "[t]he plain language of the statute requires that the Commonwealth prove willfulness beyond a reasonable doubt[,] . . . [t]hat element of the crime will not be inferred from an absence of evidence to the contrary." Lambert, 6 Va. App. at 364, 367 S.E.2d at 747.

The trial judge found appellant "guilty . . . based on the social security numbers." The evidence clearly established that appellant's two applications contain different social security numbers. The first application contained the number "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," and the second contained the number "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." The evidence does not prove that one of the numbers was not appellant's social security number. Furthermore, even if neither of the numbers was appellant's true

-

social security number, the evidence leaves to speculation whether the numbers were honest mistakes of transposition or misstatements of facts designedly made.  Although appellant signed the first application and clearly was the source for the information printed above his signature, the evidence does not establish that appellant willfully acted when he gave that number.  Clearly, if appellant honestly believed he was giving his true social security number but negligently transposed the numbers, no conviction can be had under the statute.  The Commonwealth has the burden of proving both falsity and willfulness under Code § 24.2-1016.

The only evidence presented by the Commonwealth concerning the issue of intent or motive was a copy of appellant's New Jersey conviction record.  The trial judge admitted the conviction record for the limited purpose of motive, i.e., whether appellant made a false statement to conceal his status as a felon.  The Commonwealth's evidence, however, did not establish that the New Jersey conviction was a felony conviction.  The New Jersey statutes indicate that appellant's conviction was for a "crime of the third degree," which New Jersey law classified as a "high misdemeanor."  The Commonwealth also presented no evidence that tended to prove appellant knew or believed the conviction was a felony offense.

We also note that no evidence concerning the detached portion of the voter registration application was introduced.

-

The evidence proved that appellant filed the second application after the birth certificate from New Jersey was issued, which lists his surname as "Rease."  If the second application was a correction of an improper statement in the first application, it is reasonable to infer that appellant simply intended to correct his prior mistake.  Because no evidence concerning the detached portion of the application was produced at trial, the trial judge did not know whether appellant indicated on the card that he had previously registered and that he wished to cancel the prior registration.

In summary, the Commonwealth's evidence on the issue of appellant's intent was insufficient to support a logical inference that appellant's applications indicated a willful intent to defraud or to relay erroneous information.  Thus, we hold that the evidence fails to support an inference beyond a reasonable doubt that appellant willfully made a false statement on the voter registration application.  Accordingly, we reverse the conviction and dismiss the indictment.

<u>Reversed and dismissed</u>.