COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Felton and Kelsey
Argued at Salem, Virginia

TAMEKA JAMES, S/K/A
 TAMEKA M. JAMES

MEMORANDUM OPINION[*] BY
v.        Record No. 3005-02-3      JUDGE ROBERT J. HUMPHREYS
                                              DECEMBER 2, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Dwight G. Rudd, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Stephen R. McCullough, Assistant Attorney General (Jerry W.
Kilgore, Attorney General; Amy Hay Schwab, Assistant Attorney
General, on brief), for appellee.


Tameka James appeals her conviction, following a bench trial, for failure to appear, in

violation of Code § 19.2-128(B).  James contends the trial court erred in finding the evidence

sufficient, as a matter of law, to establish that her failure to appear was "willful," as required by

the statute.  Because we find the evidence presented below was sufficient to support James's

conviction, we affirm the judgment of the trial court.

During James's trial, at the close of the evidence, James argued that the Commonwealth's

evidence did not establish that she "willfully" failed to appear, as required by Code § 19.2-128.

She argued that, at most, she was guilty of "disobedience to process," in violation of Code

§ 18.2-456.  The Commonwealth responded that the evidence proved James "intentionally put

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Further,
because this opinion has no precedential value, we recite only those facts essential to our
holding.

her[self] in a position that compromised her ability to get to court" and that because the elements of offense under Code §§ 19.2-128 and 18.2-456 were substantially similar, the Commonwealth was at liberty to choose which statute to proceed under. The circuit court found James guilty under Code § 19.2-128, finding the evidence "sufficient, in this case, to refer [sic] wilfulness [sic] based on the totality of the circumstances."

On appeal, James contends the circuit court erred in finding the evidence sufficient to prove she willfully failed to appear in court, as required by Code § 19.2-128. James further contends that the circuit court erred in failing to determine that, "at worst," James was guilty of disobedience to lawful process under Code § 18.2-456(5). We disagree.

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom." Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). "A judgment of conviction will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Riley v. Commonwealth, 13 Va. App. 494, 499, 412 S.E.2d 724, 727 (1992) (citing Code § 8.01-680).

It is fundamental that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the accused] is charged." In re Winship, 397 U.S. 358, 364 (1970). "In every criminal prosecution the Commonwealth must establish beyond a reasonable doubt all elements of the offense and that the accused did commit it." Harwood v. Commonwealth, 5 Va. App. 468, 470, 364 S.E.2d 511, 512 (1988). Thus, "[w]hen a criminal offense consists of an act and a particular *mens rea*, both the act and *mens rea* are independent and necessary elements of the crime that the

- 2 -

Commonwealth must prove beyond a reasonable doubt." Hunter v. Commonwealth, 15

Va. App. 717, 721, 427 S.E.2d 197, 200 (1993).

Code § 19.2-128(B) provides as follows:

> Any person (i) charged with a felony offense or (ii) convicted of a
> felony offense and execution of sentence is suspended pursuant to
> § 19.2-319 who willfully fails to appear before any court as
> required shall be guilty of a Class 6 felony.

Code § 19.2-128.[1]  Accordingly, "Code § 19.2-128(B) requires that the Commonwealth prove

[beyond a reasonable doubt] that the accused 'willfully' failed to appear at trial."  Hunter, 15

Va. App. at 721, 427 S.E.2d at 200.  "'[The] correct application [of willfully] in a particular case

will generally depend upon the character of the act involved and the attending circumstances.'"

Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988) (quoting Lynch v.

Commonwealth, 131 Va. 762, 766, 107 S.E. 427, 428 (1921)); see also Hunter, 15 Va. App. at

721, 427 S.E.2d at 200.  "Willfully," as used in Code § 19.2-128(B), means that the act must

have been done "purposely, intentionally, or designedly."  Id. at 721, 427 S.E.2d at 200.

> The United States Supreme Court, citing authority from state and
> federal courts, had this to say about the element of willfulness in a
> case in which the defendant was charged with willfully failing to
> supply information to the IRS:
>
> ["]The word [willful] often denotes an act which is intentional, or
> knowing, or voluntary, as distinguished from accidental. But when
> used in a criminal statute it generally means an act done with a bad
> purpose; without justifiable excuse; stubbornly, obstinately,
> perversely.  The word is also employed to characterize a thing
> done without ground for believing it is lawful . . . .["]  United
> States v. Murdock, 290 U.S. 389, 394 (1933) (citations omitted);
> see also United States v. Bishop, 412 U.S. 346, 360 (19[7]3).

Lambert, 6 Va. App. at 363, 367 S.E.2d at 746.

---

[1] The parties do not dispute that James's September 7, 2001 arraignment, for which she
failed to appear, pertained to felony charges against James.

In considering alleged violations of Code § 19.2-128, we have held that "'" [a]ny failure to appear after notice of the appearance date [is] *prima facie* evidence that such failure to appear [was] willful."'" Hunter, 15 Va. App. at 721-22, 427 S.E.2d at 200 (quoting Trice v. United States, 525 A.2d 176, 179 (D.C. 1987) (quoting D.C. Code § 23-1327(a))). Thus, "[w]hen the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Id.

In the case at bar, there is no dispute that the Commonwealth satisfied its *prima facie* burden for felony failure to appear, pursuant to Code § 19.2-128(B). Indeed, James conceded she personally received the summons and, therefore, had notice of the appearance date and time. She further conceded that she did not appear for the September 7, 2001 arraignment. Thus, the fact finder was entitled to infer that James's failure to appeal was willful.

Our analysis, however, does not end there. James offered evidence on her own behalf, in an attempt to contradict the Commonwealth's theory. Specifically, James argued that she was incapable of appearing before the circuit court because she could not drive herself to court and because her father was supposed to have taken her to court, but failed to do so. James contends that she thus rebutted the Commonwealth's *prima facie* case by demonstrating a "justifiable excuse, which removed her actions from the definition of 'willful' under Virginia law." See Commonwealth v. Dalton, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991) ("'*Prima facie* evidence is evidence which on its first appearance is sufficient to raise a presumption of fact or establish the fact in question unless rebutted. It imports that the evidence produces for the time being a certain result, but that the result may be repelled.'" (quoting Babbitt v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951))).

We find no merit in James's assertion in this regard. We find that sufficient evidence was presented from which the fact finder could infer that James willfully and purposely failed to appear. In particular, the juvenile court records reflected that James's father denied that he had agreed to take James to court, and stated that "someone else was to bring her." Furthermore, the evidence established that James's parents, who were also aware of the arraignment date, appeared at the appropriate time and expected James to be present. Moreover, no evidence suggested that James suffered from any physical or mental impairment, or other circumstance which would have rendered her incapable of securing transportation from her overnight "babysitting job" to the courthouse.

Considering this evidence in the light we must, we cannot hold that the circuit court was "plainly wrong" in determining that the "totality of the circumstances" here was sufficient to establish that James willfully failed to appear for the September 7 arraignment. Indeed, the fact finder was not required to credit James's explanation, to the exclusion of other evidence. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness's testimony, but is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991); see also Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986).

Because we find the evidence sufficient to support James's conviction for felony failure to appear under Code § 19.2-128, we need not address her argument that the circuit court could only have convicted her of "disobedience to lawful process under Code § 18.2-456(5)." We thus, affirm the judgment of the circuit court.

Affirmed.