COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Clements
Argued at Salem, Virginia


MARLYN WAYNE FERGUSON

MEMORANDUM OPINION[*] BY
v.       Record No. 0547-06-3             JUDGE JAMES W. BENTON, JR.
                                          FEBRUARY 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Jesse W. Meadows III, for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial judge convicted Marlyn Wayne Ferguson of failure to appear in court.  Code

§ 19.2-128.  Ferguson contends the evidence was insufficient to prove he "willfully fail[ed] to

appear," a statutory element.  For the following reasons, we affirm the conviction.

I.

Viewed in the light most favorable to the Commonwealth, Hunter v. Commonwealth, 15

Va. App. 717, 721, 427 S.E.2d 197, 200 (1993), the record establishes that Ferguson was convicted

in 1996 for obtaining drugs by fraud in violation of Code § 18.2-258.1.  Eight years later, on March

8, 2004, Ferguson appeared before a circuit court judge for violating the terms of his supervised

probation.  At the hearing, the judge found that Ferguson violated his probation and revoked the

previously suspended sentence.  The judge re-imposed the sentence of confinement in prison for

one year and six months, but delayed execution of the sentence for six months, retaining the same

─────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

terms and conditions of Ferguson's supervised probation. The judge also "Ordered that this matter is continued until the August 2004 Term of Court at which time a date for review shall be set at the Docket Call to be held on the 17th day of August 2004, at 9:00 a.m." Ferguson failed to appear at the August docket call and the September 1, 2004 review hearing that was set at the docket call.

Ferguson appeared for trial on a capias charging him with failure to appear in the circuit court on September 1, 2004 in violation of Code § 19.2-128. At the hearing, the trial judge took judicial notice of the prior orders and records in the matter. Ferguson's attorney stipulated Ferguson was present at the March 8, 2004 revocation hearing and received sufficient notice.

Ferguson testified he initially maintained contact with his attorney following the March 8, 2004 revocation hearing, but later experienced personal difficulties. Ferguson testified his parents died while he was incarcerated and he had no permanent place to live after his release from incarceration. Ferguson explained that he stopped taking his psychotropic and heart medications and that he "just gave up on life." During this time, he "absconded" and did not contact his probation officer.

On cross-examination, Ferguson admitted he understood compliance with the trial judge's orders meant he had to remain "charge-free" and keep in touch with his probation officer. Ferguson acknowledged he failed to contact both his probation officer and his attorney. He also said he knew he had to return to court but said he "wasn't quite clear about the date" for the review hearing. Ferguson agreed, however, that he did not contact his attorney to learn the date of the review hearing or what was expected of him.

The trial judge convicted Ferguson of failure to appear and sentenced him to six months incarceration. Following the conviction, Ferguson moved to set aside the verdict, arguing the Commonwealth failed to prove his failure to appear was willful and to prove he received notice of the hearing date. The trial judge denied the motion.

II.

On brief, Ferguson presents as the only question for appeal whether "the evidence was sufficient to prove . . . [he] willfully failed to appear."[1] The Commonwealth argues the trier of fact could infer from the evidence that Ferguson acted willfully.

Code § 19.2-128 proscribes crimes for "[a]ny person . . . who willfully fails to appear before any court as required." Code § 19.2-128(B) and (C). The word "willfully," as used in this statute, is to be given its customary meaning in criminal law. Hunter, 15 Va. App. at 721, 427 S.E.2d at 200. "In a criminal statute, 'willfully' ordinarily means designedly, intentionally or perversely." Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988). "Most obviously it differentiates between deliberate and unwitting conduct, but in the criminal law it also typically refers to a culpable state of mind." Bryan v. United States, 524 U.S. 184, 191 (1998).

We have held the "willfully" element of the crime may be proved as follows:

> "'Any failure to appear after notice of the appearance date [is] *prima facie* evidence that such failure to appear [was] willful.'" Trice v. United States, 525 A.2d 176, 179 (D.C. 1987) (quoting D.C. Code § 23-1327(a)). When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful. Smith v. United States, 583 A.2d 975, 979 (D.C. 1990); Raymond v. United States, 396 A.2d 975, 978 (D.C. 1979).

Hunter, 15 Va. App. at 722, 427 S.E.2d at 200.

Ferguson was present with an attorney at the March 8, 2004 revocation proceeding, where the trial judge told him both that a review hearing would be held in six months and that

---

[1] At trial, Ferguson's attorney stipulated Ferguson received notice of the hearing. In his motion to set aside the verdict, however, Ferguson asserted he did not receive notice. Though Ferguson discusses notice in his appellate brief, his question presented did not address notice. Furthermore, at oral argument, Ferguson's attorney again "stipulated" that Ferguson received notice and relied solely on the argument that Ferguson's failure to appear was not "willful." In view of the stipulations and the question presented on brief, we limit our decision to only the willful issue.

the date for the hearing would be determined at the August 17 docket call. Ferguson failed to appear at the docket call and at the later hearing. "[E]vidence that sequential orders had been duly entered of record providing for a date certain [and] notice of the trial date to that counsel of record, without more, establish[ ] a *prima facie* case" that Ferguson had notice of his review hearing date and nonetheless failed to appear. Id. at 723, 427 S.E.2d at 201. Thus, the trial judge was entitled to infer from this evidence that Ferguson's failure to appear was willful.

Ferguson nonetheless contends the Commonwealth failed to "prove [beyond a reasonable doubt] that his failure to appear was knowing, intentional *and* deliberate." He argues there was no evidence "of any attempts by the court, clerks or [his] attorney to notify [him]" of the September 1 court date. Ferguson further argues his failure to appear was not "willful" because the trial judge knew Ferguson had absconded from supervised probation when he set the date for the review hearing. The Commonwealth responds that by failing to contact his attorney, ceasing administration of his psychotropic medication, and absconding from probation supervision, Ferguson engaged in a course of conduct designed to prevent him from receiving notice of the review hearing. The Commonwealth maintains this conduct was sufficient to prove Ferguson's failure to appear was willful.

In Hunter, we held a fact finder could infer beyond a reasonable doubt that an individual acted willfully when he purposely engaged in conduct to avoid being located and violated conditions of his release, while failing to appear when required. 15 Va. App. at 723-24, 427 S.E.2d at 201. The evidence in this case is not limited merely to proof that Ferguson received notice. Ferguson testified he was aware of his obligations to maintain contact with his probation officer and his attorney. Describing his own conduct, Ferguson said he "absconded." In other words, he acted in a deliberate manner to avoid contact. These circumstances provide a basis upon which the trial judge could have concluded Ferguson's failure to appear was not due to

inadvertence, accident, or mistake but, rather was willful.  See United States v. Clemons, 676 F.2d 124, 126 (5th Cir. 1982) (holding that the defendant's "failure to keep his attorney advised of his whereabouts, his failure to contact his attorney, and his violation of the conditions of his release are sufficient to sustain a finding that [his] failure to appear at trial was willful").

Ferguson's claim that he could not have acted willfully because the hearing was set with knowledge he had absconded is meritless.  The statutory element of "willfully" pertains to the state of mind of the accused.  See United States v. Beidler, 110 F.3d 1064, 1069 (4th Cir. 1997) (noting that "willfulness concerns the defendant's state of mind").  The relevant issue is Ferguson's conduct and what inference can be drawn from it.

In summary, the evidence established Ferguson failed to appear at the docket call and the review hearing.  He knew he had an upcoming review hearing, yet he failed to maintain contact with his attorney and failed to keep his attorney or the court advised of his whereabouts.  Ferguson also knew maintaining contact with his probation officer was a condition imposed by the trial judge, yet he failed to do so and specifically testified that he "absconded."  The trial judge was entitled to disbelieve Ferguson's unsubstantiated claim that his failure to appear was not willful.  Hunter, 15 Va. App. at 723, 427 S.E.2d at 201.

We hold the trial judge did not err in finding the evidence sufficient to prove beyond a reasonable doubt that Ferguson's failure to appear was willful.  We, therefore, affirm the conviction.

Affirmed.