COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Senior Judge Annunziata


JESSIE WAYNE ABELL

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1795-06-3                              PER CURIAM
                                                        MARCH 13, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                        William N. Alexander, II, Judge

            (Bruce A. Flora, on brief), for appellant.  Appellant submitting on
            brief.

            (Robert. F. McDonnell, Attorney General; Alice T. Armstrong,
            Assistant Attorney General II, on brief), for appellee.  Appellee
            submitting on brief.


        Appellant contends the evidence was insufficient to convict him of felony failure to

appear.  We agree, reverse the conviction, and dismiss the indictment.

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, the evidence proved that appellant was

absent for his court date after having been charged with a felony.  At his trial for failing to

appear, appellant testified that it had been snowing that day, that he did not have a driver's

license, and was unable to find someone to drive him to court.  Appellant testified that he made

several attempts to arrange transportation to court.  He had asked his ex-girlfriend, but she would

not drive him because they had recently broken up.  He also asked his mother to drive him to the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

courthouse, but her license was suspended. Finally, he asked a neighbor, but she was unable to leave her children at home. He then telephoned the Clerk of the Circuit Court, who informed him that there was no way to postpone his case.

Code § 19.2-128(B) provides: "Any person (i) charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." Moreover, "[w]hen the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful." Hunter v. Commonwealth, 15 Va. App. 717, 721, 427 S.E.2d 197, 200 (1993) (citations omitted). However,

> [w]hen a criminal offense consists of an act and a particular *mens rea*, both the act and *mens rea* are independent and necessary elements of the crime that the Commonwealth must prove beyond a reasonable doubt. Harrell v. Commonwealth, 11 Va. App. 1, 6-7, 396 S.E.2d 680, 682 (1990) (citing Dixon v. Commonwealth, 197 Va. 380, 382, 89 S.E.2d 344, 345 (1955)). Code § 19.2-128(B) requires that the Commonwealth prove that the accused "willfully" failed to appear at trial. "'[The] correct application [of willfully] in a particular case will generally depend upon the character of the act involved and the attending circumstances.'" Lambert v. Commonwealth, 6 Va. App. 360, 363, 367 S.E.2d 745, 746 (1988) (quoting Lynch v. Commonwealth, 131 Va. 762, 766, 109 S.E. 427, 428 (1921)). "Willfully," as used in Code § 19.2-128(B), has the customary meaning that the act must have been done "purposely, intentionally, or designedly."

Id.

Appellant concedes that he received timely notice and did not appear in court, but argues that his failure to appear was not willful. The evidence proved that, lacking a driver's license, he attempted to procure a ride from three people. When he failed to procure a ride, he then telephoned the court in a further attempt to rectify the problem. These were meaningful attempts to appear in court and evinced an earnest desire to conform to Code § 19.2-128(B). As such, appellant's testimony rebutted the presumption that his failure to appear was willful. The trial

judge did not state that he disbelieved appellant's testimony, only that he found it was not a "valid excuse." Be that as it may, an invalid excuse does not equate to a willful act. For this reason, the trial court erred in finding the evidence proved beyond a reasonable doubt that he willfully failed to appear.

<u>Reversed and dismissed.</u>