COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Petty and Alston
Argued at Chesapeake, Virginia


CHARLES E. BOWSER

                                                    MEMORANDUM OPINION[*] BY
v.      Record No. 2778-09-1                     JUDGE LARRY G. ELDER
                                                        MAY 3, 2011

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
                           Westbrook J. Parker, Judge

              Varinder S. Dhillon (Thomas L. Watkins, Public Defender; Paul A.
              Fritzinger, Deputy Public Defender; Office of the Public Defender,
              on brief), for appellant.

              Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


       Charles E. Bowser (appellant) appeals from his bench trial conviction for assault and

battery of a correctional officer in violation of Code § 18.2-57(C).  On appeal, he contends the

evidence was insufficient to prove he intended to use violence against the correctional officer or

that he "actual[ly] inflict[ed] . . . corporal injury" upon her.  The Commonwealth contends

appellant failed to preserve this argument for appeal and that it lacks merit.  We assume without

deciding that the issue was preserved and conclude the evidence was sufficient to support

appellant's conviction.  Thus, we affirm.

       On appellate review, we consider the evidence presented at trial in the light most

favorable to the Commonwealth, the prevailing party below, and "accord [it] the benefit of all

inferences fairly deducible from the evidence."  Riner v. Commonwealth, 268 Va. 296, 303, 601

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

S.E.2d 555, 558 (2004). Intent "may be proved by circumstantial evidence, as long as such evidence excludes all reasonable hypotheses of innocence flowing from it." Adams v. Commonwealth, 33 Va. App. 463, 471, 534 S.E.2d 347, 351 (2000). "Circumstantial evidence of intent may include the conduct and statements of the alleged offender, and 'the finder of fact may infer that [he] intends the natural and probable consequences of his acts.'" Id. (quoting Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc)). When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless it is plainly wrong or without evidence to support it. E.g., Coles v. Commonwealth, 270 Va. 585, 587, 621 S.E.2d 109, 110 (2005).

Code § 18.2-57(C) provides in relevant part that "If any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer . . . engaged in the performance of his public duties, such person is guilty of a Class 6 felony." Because no dispute exists that appellant knew Officer Sandra Felton was a law enforcement officer engaged in the performance of her public duties, we focus on the elements of assault and battery.

"Assault and battery are common law crimes." Montague v. Commonwealth, 278 Va. 532, 541, 684 S.E.2d 583, 589 (2009).

> [A] common law assault . . . occurs when an assailant [either (1)] engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or [(2)] engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim.

Carter v. Commonwealth, 269 Va. 44, 47, 606 S.E.2d 839, 841 (2005). "Assault and battery is 'the least touching of another, willfully or in anger.'" Perkins v. Commonwealth, 31 Va. App. 326, 330, 523 S.E.2d 512, 513 (2000) (quoting Roger D. Groot, Criminal Offenses and Defenses in Virginia 29 (4th ed. 1998)). "The defendant does not have to intend to do harm; a battery may

also be 'done in a spirit of rudeness or insult.'" Id. (quoting Groot, supra, at 29 (footnote omitted)).  The touching need not result in actual physical injury.  Gnadt v. Commonwealth, 27 Va. App. 148, 151, 497 S.E.2d 887, 888 (1998).  The "injury" component of the offense is met by proof of "'the *least touching* of another's person[], *willfully* or *in anger*,'" Lynch v. Commonwealth, 131 Va. 762, 766, 109 S.E. 427, 428 (1921) (quoting Minor, Synopsis of the Law of Crime & Punishment 77), because such touching is presumed to inflict an injury "'to the feelings or mind,'" id. at 765, 109 S.E. at 428 (quoting 2 American & English Encyclopedia of Law 959).  See Adams, 33 Va. App. at 469, 534 S.E.2d at 351 (in a case in which the defendant shined a laser light in the victim's eye, noting that "[i]n Virginia, it is abundantly clear that a perpetrator need not inflict a physical injury to commit a battery"); see also Gilbert v. Commonwealth, 45 Va. App. 67, 71-72, 608 S.E.2d 509, 511-12 (2005) (upholding an assault and battery conviction where the defendant spit on a law enforcement officer).  "Willfully" in this context means "'designedly,' 'intentionally' or 'perversely.'"  Lynch, 131 Va. at 765, 109 S.E. at 428 (quoting 4 Words & Phrases 1293 (2d ser.)) (upholding assault and battery conviction where the defendant made an "insult[ing]" statement to the victim, placed his hand on the victim's shoulder and said, "'I didn't mean to insult you'").

Here, the evidence, viewed in the light most favorable to the Commonwealth, established a battery.  It proved that, in spite of institutional rules prohibiting inmates from having physical contact with guards, appellant intentionally touched Officer Felton when he pushed paper towels between her forearm and breast as she stood beside the exit to the inmates' dining hall.  Although appellant claimed he did not intend to offend her, he did not dispute that he intended to make contact with her person, and the contact he made involved touching her breast and arm.  Officer Felton agreed she found this touching "bother[some]" and "offensive."  The Commonwealth was not required to prove appellant inflicted a physical injury.  The unsolicited, unwanted, rude

touching of any part of Officer Felton's body satisfied the intentional "injury" component required to prove a battery. <u>See</u> <u>Hardy v. Commonwealth</u>, 58 Va. (17 Gratt.) 592, 601-02 (1867) ("Battery is not an offence of a higher nature or degree than an assault, nor is it otherwise punished, but is merely a name which the law has given to an assault *after* it has reached the person at [whom] it is aimed." (emphasis added)); <u>see also</u> Code § 18.2-57(C) (proscribing either an assault or an assault and battery of a law enforcement officer as the same offense subject to the same punishment).

For these reasons, we affirm appellant's conviction for assault and battery of a law enforcement officer.

<u>Affirmed.</u>