415 P.2d 845

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Billy James SEAL, Defendant-Appellant.**

**No. 7929.**

Supreme Court of New Mexico.

June 27, 1966.

Dewie B. Leach, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

CHAVEZ, Justice.

Appellant was convicted by the district court of Lea County, sitting without a jury, of battery upon his wife in violation of § 40A–3–4, N.M.S.A., 1953 Comp. Appellant asserts that the trial court erred in denying his motion for dismissal at the close of the State's case, because there was insufficient evidence to warrant a conviction for the crime of battery.

Appellant's wife testified that she and appellant were separated at the time of the incident. On the night of the offense, appellant went to a night club where his wife worked and talked with her at various times throughout the evening. When appellant's wife was walking out of the door of the night club, after she finished work, appellant grabbed her, pulled her over to the side of a parked car, held her and would not let her go. She finally broke away from appellant, and got into the car of Melba Scott, a woman with whom she worked at the club. Appellant's wife testified that appellant then came over to where she was sitting in Mrs. Scott's car and prevented her from leaving.

Mrs. Scott testified that appellant grabbed and pushed his wife against a parked car · and held her there, and then followed her to Mrs. Scott's car, where he attempted to talk to her. Mrs. Scott testified that, although appellant's wife "kept screaming for him to let her go," he did not do so for about an hour and a half.

Section 40A–3–4, supra, provides in part:

"Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."

The language of our statute has a strong foundation in the law. In Commonwealth v. Gregory, 132 Pa.Super. 507, 1 A.2d 501, the court said:

" * * * 'The least touching of another's person wilfully, or in anger, is a battery'. 3 Blackstone's Com. 120. However, it is not every touching or laying on of hands that constitutes an assault and battery; 'the touching of, or injury to another must be done in an angry, revengeful, rude or insolent manner so as to render the act unlawful'. 6 C.J.S., Assault and Battery, § 9. * * * "

Appellant stresses the fact that he did not strike his wife, and that she received no injuries as a result of the incident. In Blue v. State, 224 Ind. 394, 67 N.E.2d 377, the court stated:

" * * * The seriousness of an assault and battery is not always measured by the physical harm done. The purpose of an assault and battery is not always to inflict personal injury. The purpose and effect may be to deprive

the victim of freedom of action and conduct, as was the case here, and in such cases the physical damage done does not measure the gravity of the offense."

The reasoning behind the view which the law takes toward the crime of battery is stated in Lynch v. Commonwealth, 131 Va. 762, 109 S.E. 427:

" * * * The law upon the subject is intended primarily to protect the sacredness of the person, and secondarily to prevent breaches of the peace. * * * "

■ Appellant contends that the evidence does not show that he touched his wife in a rude, insolent or angry manner. Both appellant's wife and Mrs. Scott testified that appellant grabbed his wife, pushed or "slammed" her against a parked car, held her there, then after she broke away, followed her to Mrs. Scott's car where he proceeded to talk to her for at least an hour, while she cried and screamed for him to let her go. We believe that there is ample evidence for the trial court to conclude that appellant was acting in a rude, insolent or angry manner when he applied force to the person of his wife.

■ Appellant further argues that, even if his actions amounted to a technical battery, "the courts should not scrutinize too nicely every family disturbance." Such a contention is without merit. There is no language in our statute, and we find

no court decision, indicating that different standards should be employed when the victim of a battery is the spouse of the defendant.

The judgment of the trial court is affirmed.

It is so ordered.

MOISE, J., and JOE W. WOOD, J., Ct. App., concur.