This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellee,**

**v.** No. 36,225

**CINDERELLA SAAVEDRA,**

   **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY**
**Gerald E. Baca, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Aarons Law Firm PC
Stephen D. Aarons
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Defendant appeals from her conviction of aggravated battery without great bodily harm. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition thereto. After due consideration, we remain unpersuaded.

{2} In her memorandum in opposition, Defendant reiterates her position that her testimony that she hit the victim "out of panic" was sufficient to warrant an instruction on simple battery as a lesser included offense because it supported her theory that she did so without any intent to injure the victim. [MIO 2] Defendant argues that her testimony established that she was having a panic attack, citing the fact that, in closing argument, the prosecutor characterized her testimony as having said that she was having a panic attack. [Id.] However, the memorandum in opposition acknowledges that Defendant's exact words were that she hit the victim over the face and head "out of panic" and does not challenge our observation that prior to doing so and breaking the pool stick in half in the process, Defendant had become enraged, had pushed the victim to the ground, had armed herself with the pool stick after the two had been separated, had instigated the victim to come out of her room again, and had warned the victim not to approach her. [Id.; RP 195-97] Regardless of the prosecutor's subsequent characterization of Defendant's testimony, we remain unpersuaded that her isolated statement that she acted "out of panic[,]" without more, "tend[ed] to

2

establish that [simple battery was] the highest degree of crime committed." *State v. Pettigrew*, 1993-NMCA-095, ¶ 5, 116 N.M. 135, 860 P.2d 777. Contrary to Defendant's assertion, our notice of proposed summary disposition did not state that "no reasonable jury could believe Defendant when she testified that she struck out of panic." [MIO 5] Rather, we proposed to hold that her testimony, coupled with the other evidence presented at trial, was "inconsistent with a lack of intent to injure." [CN 4] Defendant's reliance on *State v. Skippings*, 2011-NMSC-021, 150 N.M. 216, 258 P.3d 1008, is misplaced. [MIO 5-6] In *Skippings*, the victim died after she and the defendant "became entangled, with [the v]ictim straddling [the d]efendant. [The d]efendant sought to extricate himself from [the v]ictim and forced her off of him, resulting in her landing on the asphalt roadway and cracking her skull." *Id.* ¶ 6. Unlike the present case, there was no evidence in *Skippings* that the defendant had armed himself in advance with any type of weapon, and there was evidence in addition to the defendant's testimony to suggest that he was merely trying to free himself from the victim. *Id.*

{3}    Defendant further cites *State v. Seal*, 1966-NMSC-123, 76 N.M. 461, 415 P.2d 845 (reviewing the sufficiency of the evidence to support conviction of simple battery), and *State v. Hill*, 2001-NMCA-094, 131 N.M. 195, 34 P.3d 139 (reviewing the denial of requested self defense, resisting, obstructing, or evading an officer, and

3

entrapment instructions). [MIO 6] Neither one of these cases addresses the issue before us, and thus we fail to see how they support Defendant's position.

{4}     Defendant further argues that our observation that her testimony was relevant to the issue of self-defense requires reversal. [MIO 7-8] Defendant cites a thirty-year-old out-of-state case dealing with imperfect self-defense as authority for the proposition that " 'one who truly believes that there is a need for self[-]defense cannot be said to act with intent to injure.' " [MIO 7] (quoting *People v. McKelvy*, 239 Cal. Rptr. 782 (1987)) (internal quotation marks and alterations omitted). However, the language relied upon by Defendant was dictum by a single judge, and Defendant fails to cite any authority demonstrating that it has been adopted in that jurisdiction or ours. [Id.] *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that where a party cites no authority to support an argument, we may assume no such authority exists). As such, we remain unpersuaded.

{5}     Defendant further argues that the jury's questions whether "[the battery] can be thoughtless and spur of the moment?" and "what constitutes purpose and intention to harm?" establish that reversal is in order. [MIO 3] At most, the first inquiry demonstrates that at least one juror questioned the essential element of specific intent, whereas the second inquiry merely demonstrates that at least one juror wished to receive additional definitions. As such, we hold that these questions do not establish

4

that there was "some evidence tending to establish that [simple battery was] the highest degree of crime committed." *Pettigrew*, 1993-NMCA-095, ¶ 5. For the same reason, we hereby deny Defendant's motion to supplement the record proper with these jury questions.

{6}     Therefore, and for the reasons stated in our calendar notice, we affirm.

{7}     **IT IS SO ORDERED.**


                                                    _____
                                                    **J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**TIMOTHY L. GARCIA, Judge**

5